## J. H. Tucker & Company v. Freiberg & Kahn.

Decided April 20, 1907.

**1.—Sequestration—Verdict—Judgment.**

When in a sequestration suit the judgment was that the plaintiff recover the property in controversy, and not the property or its value, the defendant can not complain that the verdict of the jury and the judgment did not find and specify the value of the various items of property involved, since he can be relieved of all liability by delivering the property to the sheriff, and in the event he fails to do so the plaintiff can not have execution for the value of the property or any part of it.

**2.—Practice on Appeal—Duty to File Conclusions—Act Construed.**

The Act of the Twenty-ninth Legislature, page 71, adding article 1024a to chapter 17, title xxvii of the Revised Statutes, when construed in connection with article 1039 of the Revised Statutes, does not require the Courts of Civil Appeals to file their conclusions of law upon each and all of the issues raised by the various assignments of error presented in the briefs in all cases appealed to said courts, but only in such cases as may be taken to the Supreme Court by writ of error.

Appeal from the County Court of Liberty County. Tried below before Hon. T. C. Crane.

*Stevens & Pickett,* for appellants.—A verdict in a sequestration proceeding which fails to find the value of various items of property sequestrated at the time of the trial, is erroneous and will not support a judgment. Avery v. Dickson, 49 S. W. Rep., 665; Talcott v. Rose, 64 S. W. Rep., 1009; Cook v. Halsell, 65 Texas, 1; Herder

v. Schwab Clothing Co., 37 S. W. Rep., 784; Meyers v. Bloon, 20 Texas Civ. App., 558; Watts v. Overstreet, 78 Texas, 578.

*Marshall & Marshall* and *A. W. Marshall,* for appellees.

PLEASANTS, ASSOCIATE JUSTICE.—At a former day of this term we affirmed the judgment of the court below without written opinion and therefore in order to make clear the questions hereinafter decided it is necessary to make a brief statement of the case.

The suit was brought by appellees against appellants to recover personal property alleged to have been unlawfully converted and withheld from them by appellants, and to recover damages for such unlawful detention. The property in controversy consisted of certain barroom fixtures, the several articles named in the petition being: One back bar and mirror, one front bar, one back cigar case counter, and one back bottle case. The amended petition upon which the case was tried alleged that the whole of the property was of the market value of only $75, but that plaintiffs had contracted to sell the same for the sum of $200 and that by reason of the refusal of defendants to deliver possession thereof to the purchaser plaintiffs had lost the benefit of such sale to their damage in the sum of $125. The prayer is for the recovery of the property, for said sum of $125 damages, and for the further sum of $90 as the rental value of the property during the time it was so unlawfully held and used by the defendants. At the time the original petition was filed plaintiffs sued out a writ of sequestration which was levied upon the property on May 7, 1906. On the same day defendants replevied the property.

The evidence sustains the finding that the property in controversy had been left by plaintiffs in the possession of the defendants under a contract by which defendants agreed to rent it subject to sale by plaintiffs at any time. This contract was made in March, 1906. On April 9 plaintiffs sold the property for $200 and notified defendants of such sale and requested them to turn it over to the purchaser. Defendants refused to comply with this demand and plaintiffs thereafter brought suit and sequestered the property as above stated. The market value of the property was not more than $75 at the time of its conversion by defendants. On May 14, after its replevy by them on May 7, as before stated, the defendants offered to redeliver the property to the sheriff and also offered it to the attorney for plaintiffs, neither of whom would accept it. By their answer defendants again tendered the property to plaintiffs. Upon the failure of the plaintiffs to obtain possession of the property on May 7 the person to whom they had sold it declined to be longer bound by his contract and plaintiffs lost the benefit of said sale.

The cause was tried by a jury and the following verdict was returned: "We, the jury, find for the plaintiffs, Freiberg & Kahn, for the property and damages for $100 and interest at 8 percent from April 14, 1906." Upon this verdict judgment was rendered in favor of plaintiffs for the recovery of the property and for $100 damages with interest thereon at the rate of 6 percent from April 14, 1906.

Appellants' brief presents numerous assignments of error, all of which were duly considered by us upon the original hearing, and none of them, in our opinion, pointed out any error which would have authorized a reversal of the judgment of the court below, and it was therefore affirmed.

In their motion for rehearing appellants complain of the judgment of affirmance upon the ground that we erred in not sustaining the following assignments:

"Seventh assignment of error. Because the judgment of the court is against the defendants and the sureties on the replevy bond for the value of the property, and does not give the sureties on the replevy bond the right to return the property within ten days' time."

"Eighth assignment of error. The judgment is void and should be set aside, because the verdict of the jury is erroneous in that the jury failed to find the value of the property sequestrated at the time of the trial."

"Ninth assignment of error. The verdict of the jury is erroneous and it can not support the judgment, because it has not found the value of the various items of property, and the trial court should have awarded a new trial on this ground."

It is a sufficient answer to all of these assignments to say that no judgment having been rendered against appellants for the value of the property they can not possibly be harmed by the failure of the jury to find the value of the several articles recovered by appellees and the failure of the judgment to provide that they should have the right to return any or all of the property within ten days and secure credit therefor upon the judgment. The appellees had a right to a judgment for the property or its value and had they asked for and obtained such judgment the appellants were entitled to have a finding by the jury of the value of each article in order that they might return same and obtain credit therefor on the judgment for its value rendered against them. But the judgment rendered being only for the property appellants can be relieved of all liability thereunder by delivering said property to the sheriff as they offered to do in their answer, and it was unnecessary for the judgment to so provide. In case appellants fail to deliver the property appellees can 'not under the judgment rendered have execution against them for the value of any of the property not delivered to the sheriff or not found by him. As before said, appellants can not be heard to complain of this judgment. Byrne v. Lynn, 18 Texas Civ. App., 252; Kean v. Zendelwitz, 9 Texas Civ. App., 355.

In their motion for rehearing appellants request that we file conclusions of law upon each of the issues raised by the various assignments presented in their brief, and contend that under the Act of the Twenty-ninth Legislature, page 71, adding article 1024a to Chapter 17, Title xxvii, of the Revised Statutes, it is our duty to comply with this request. We do not so interpret the Act cited. That Act is in the following words: "It shall be the duty of the Courts of Civil Appeals to decide all issues presented to them by proper assignments of error by either party in all causes now

pending, or which may hereafter be pending before them, whether such issues be of fact or law, and announce in writing their conclusions so found. Provided, that if the Court of Civil Appeals has failed to file a conclusion of fact upon any material issue in the case properly assigned in that court and in the Supreme Court and that by reason of such failure the Supreme Court is not able to pass upon such assignment, it shall be the duty of the Supreme Court to return the record to the Court of Civil Appeals from which it came with directions to make and file a conclusion of fact upon each of such issues and return same with the record to the Supreme Court."

Article 1039 of the Revised Statutes provides that it shall not be necessary for the Courts of Civil Appeals to file conclusions in causes in which no writ of error will lie to the Supreme Court unless such cause is reversed, in which case the court shall file the reasons for reversing same. The Act of the Legislature above quoted does not expressly repeal article 1039, nor refer to it in any way, and the two Acts are not so inconsistent with each other as to require the holding that the latter repealed the former by implication. We think that the latter Act should be construed to apply only to causes in which a writ of error will lie to the Supreme Court. By giving it this construction both of the Acts will stand and a repeal by implication, which is never favored, will be avoided.

We think the provisions of the Act before quoted indicate that the Legislature intended that it should only apply to cases of which the Supreme Court has jurisdiction. It is certainly susceptible of this construction, and under the rule which requires that the two Acts shall be harmonized if possible in order that both may stand, such construction should be adopted by the courts.

From the conclusions above stated it follows that the motion for rehearing should be overruled, and it has been so ordered.

*Motion for rehearing overruled and judgment affirmed.*