**FINK v. SAN AUGUSTINE GROCERY CO. et al. (No. 6527.)**

(Court of Civil Appeals of Texas. Galveston. April 15, 1914. Rehearing Denied May 7, 1914.)

1. CONTRACTS (§ 335*)—ACTIONS FOR BREACH —PLEADING—FULFILLMENT OF CONDITIONS PRECEDENT.

Where an action is upon a contract in which the promises or covenants are mutual and concurrent, plaintiff must allege performance, or a readiness and willingness to perform, on his part, or some act or omission of defendant which justifies a rescission by plaintiff.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1664–1676; Dec. Dig. § 335.*]

2. PLEADING (§ 402*)—DEFECTS IN PETITION— CURE BY SUPPLEMENTAL PETITION.

Allegations in a supplemental petition will not cure defects or omissions in the original petition, but such defects must be cured by amendment.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 1343; Dec. Dig. § 402.*]

3. SALES (§ 353*) — ACTIONS FOR PRICE OR VALUE—PETITION.

A petition in an action upon a contract for lumber sold, though it showed that plaintiff had

failed to deliver the amounts in the time prescribed by the contract, was not subject to general demurrer, where it also showed that defendant had failed to make the required payments, thus relieving plaintiff of the duty to deliver.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 995–1004; Dec. Dig. § 353.*]

4. PLEADING (§ 21*) — AMBIGUOUS AND INCONSISTENT ALLEGATIONS.

Allegations of a petition in an action for lumber sold, declaring upon a cause of action for lumber delivered at defendant's special instance and request, were not ambiguous nor inconsistent with allegations declaring upon a written contract, and hence defendant's exception was properly overruled.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 44; Dec. Dig. § 21.*]

5. APPEAL AND ERROR (§ 1040*) — HARMLESS ERROR—PLEADING.

Error, if any, in overruling defendant's exception to a petition because ambiguous, in that it first declared upon a written contract for lumber sold and delivered, and then that it was delivered at defendant's special instance and request, was harmless, in view of undisputed evidence establishing the written contract declared on.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4089–4105; Dec. Dig. § 1040.*]

6. COURTS (§ 104*) — OPINIONS — NECESSITY — STATUTORY PROVISIONS.

Rev. St. 1911, art. 1639, when considered in connection with article 1636, as it should be, does not require the Courts of Civil Appeals to file written opinions in affirmed cases, of which the Supreme Court has no jurisdiction of an application for writ of error.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 353, 355–358; Dec. Dig. § 104.*]

7. COURTS (§ 247*)—APPELLATE JURISDICTION OF SUPREME COURT.

Where the Court of Civil Appeals merely affirmed the action of the lower court in overruling a general demurrer to a petition which only raised the issue as to what, under a proper construction of the petition, were the facts pleaded, there was no question of substantive law presented so as to give the Supreme Court jurisdiction under Rev. St. 1911, art. 1521, subd. 6, as amended by Acts 33d Leg. c. 55, providing that it shall have appellate jurisdiction in those cases where it appears the Court of Civil Appeals has erroneously declared the substantive law of the case.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 487, 749, 751–754, 757, 759, 760, 762–764; Dec. Dig. § 247.*]

Error to District Court, San Augustine County; L. D. Guinn, Special Judge.

Action by the San Augustine Grocery Company, as assignee of the San Augustine Lumber Company, against W. A. Fink, and another. Judgment for plaintiff, and defendant Fink brings error. Affirmed, and motion for rehearing overruled.

H. B. Short, of Center, and Foster & Davis, of San Augustine, for plaintiff in error. Davis & Ramsey, of San Augustine, for defendant in error.

PLEASANTS, C. J. At a former day of this term we affirmed the judgment of the trial court in this case, without a written opinion. Plaintiff in error in due time filed motions for rehearing and for a written opinion. We have overruled both motions; but in view of the earnest insistence of counsel, in an able argument filed in support of said motions, we deem it proper to state the grounds of our conclusion that the judgment should be affirmed, and that the case was not one which required a written opinion by this court.

The suit was brought by the appellee, San Augustine Grocery Company, as assignee of the San Augustine Lumber Company, against appellant and the San Augustine Lumber Company, to recover the sum of $565.75 balance due of the purchase price of 157,275 feet of pine lumber sold and delivered by said lumber company to appellant.

Plaintiff's petition contains the following allegations: "Plaintiff further represents to the court that heretofore, to wit, on or about April 22, 1908, the defendant San Augustine Lumber Company and W. A. Fink entered into a written contract, by the terms of which the defendant San Augustine Lumber Company, through its duly authorized officer, F. P. Adams, and its agent, agreed, bound, and obligated itself to sell and deliver to the defendant W. A. Fink f. o. b. cars at the mill of defendant San Augustine Lumber Company, in the county of San Augustine and state of Texas, certain pine lumber at certain stipulated prices, as follows:" Here follows an itemized statement of the lumber included in said contract, and the prices agreed to be paid therefor by appellant. This statement shows that the lumber included in the contract aggregated 236,085 feet.

The petition continues: "The said defendant San Augustine Lumber Company further agreeing by terms of said contract to ship one car of lumber so sold, 1x4 and 1x8, at once, and balance as fast as can get out, and further agreeing to ship entire bill of lumber so sold and agreed to be shipped within four months, and in said contract acknowledging receipt, paid to it by said W. A. Fink, of the sum of $25; and the said defendant W. A. Fink agreed, bound, and obligated himself to pay to the defendant San Augustine Lumber Company, for said lumber so bought to be delivered, and which was delivered, the price per thousand feet as stipulated and set out in said contract, as above set out, to the San Augustine Lumber Company, and did pay, at the time of entering into said contract, the said sum of $25 cash, and further agreeing by the terms of said contract to pay to the said defendant San Augustine Lumber Company 80 per cent. on receipt of bill of lading, and the balance of 20 per cent. when the last two cars were shipped. Plaintiff further represents to the court that the defendant San Augustine Lumber Company, complying with the terms of said contract, did ship and deliver to the defendant W. A. Fink 11 cars of pine lumber on

the dates as follows:" Then follows a statement of the various shipments made by the lumber company to appellant and the amount due upon each shipment. This statement shows that on various and sundry dates, beginning on April 29, 1908, and ending on August 19, 1908, the lumber company made shipments of lumber to appellant according to the terms of its contract, aggregating 157,275 feet, of the agreed value of $1,704.46.

It is then alleged that appellant had made payments to the lumber company under his contract as follows: "On April 22, A. D. 1908, the sum of $25; on May 30, A. D. 1908, the sum of $632.47; on June 30, A. D. 1908, the sum of $221.70; and on August 30, A. D. 1908, the sum of $259.54—making the sum total of $1,138.71, and leaving a balance due on said contract of $565.75, which has long since been due and unpaid; and the defendant, W. A. Fink, though often requested, has failed and refused and still fails and refuses to pay same, to plaintiff's damage $1,000. Plaintiff further represents to the court that heretofore, to wit, on April 29, 1908, and on divers and sundry dates before and since said date the defendant San Augustine Lumber Company, at the special instance and request of the defendant W. A. Fink, and upon his written order and at the prices then and there agreed upon by and between them, sold and delivered to the said W. A. Fink 157,275 feet of pine lumber, amounting to the sum of $1,704.46, and on which said account against said W. A. Fink the said W. A. Fink has paid the sum of $1,138.71, leaving a balance due of $565.75, and all of which is fully set out in an itemized statement of said account, which is filed now among the papers of this cause and asked to be read into and made a part of this petition, and which said balance so shown to be due on said account has long since been due and unpaid, and the defendant W. A. Fink, though often requested, has failed and refused, and still fails and refuses, to pay same, to plaintiff's damage $1,000." It is then alleged that the lumber company had sold and transferred its said account for $565.75 against appellant to appellee, San Augustine Grocery Company, and had guaranteed in writing the payment of same.

The petition continues as follows: "Plaintiff further represents to the court that because of the order for said lumber by the defendant W. A. Fink, and because of the agreement as to the prices to be paid for said lumber by the defendant W. A. Fink, at the special instance and request of the said W. A. Fink, he (the said W. A. Fink) became liable and promised to pay to the said San Augustine Lumber Company the sums of money specified and set out in said account, and because of the sale and delivery of said account and contract by the defendant San Augustine Lumber Company, and its guaranty of the payment of same, each defendant, the San Augustine Lumber Company and W. A. Fink, became liable and promised to pay to plaintiff herein the sums of money specified and set out in said contract and account shown to be due, and for all of which plaintiff prays judgment. Wherefore plaintiff prays that defendants be cited to answer this petition; that, upon a final hearing of this cause, it have judgment for the sum of $565.75, with interest thereon at the rate of 6 per cent. per annum from April 22, 1908, for its damages, for all costs of suit, and for such other and further relief as it may be entitled to in law and equity and will ever pray."

The appellant answered by general demurrer and several special exceptions, one of which is as follows: "This defendant further specially excepts to plaintiff's petition for the reason that the same is ambiguous and inconsistent in that the plaintiff first declares and predicates its cause of action upon an alleged written contract between the San Augustine Lumber Company and this defendant, and then declares upon another and different contract involving the same lumber, and which is shown by the petition to be the same transaction as first set out, and also undertakes to declare upon a cause of action for lumber delivered by the San Augustine Lumber Company to this defendant at his special instance and request, the petition showing that the same transaction is involved, wherefore he prays a judgment of the court." He further answered by general denial and by special plea in which it is averred in substance that the lumber company failed and refused to ship him the whole quantity of lumber specified in said contract, and by reason thereof he was damaged in a sum larger than the amount of balance due said company on the lumber shipped him.

In reply to defendant's answer, plaintiff filed a supplemental petition which contains the following allegations: "And further specially answering that portion of the said defendant W. A. Fink's answer, wherein he sets up that the defendant San Augustine Lumber Company, because of a failure to comply with the terms of the contract set out in plaintiff's petition, by failing to ship the lumber set out in said contract within four months from the date of said contract, and thereby breached its contract, it denies specially said allegations, and plaintiff says that, after the defendant San Augustine Lumber Company had shipped to the defendant the lumber which it did ship to the said W. A. Fink, the said W. A. Fink failed and refused to pay for all of said lumber to the amount of 80 per cent. under the contract, and thereby himself breached his contract, and he should not now be heard to complain; and the defendant San Augustine Lumber Company, because of the failure and refusal of the defendant W. A. Fink to pay for all of

said lumber so shipped to him to the amount of 80 per cent., then the defendant San Augustine Lumber Company refused to ship to the defendant W. A. Fink any more lumber because he had failed and refused to pay for the lumber shipped to him in accordance with the terms of the contract (that is to say, to the amount of 80 per cent.), and thereby breached his contract."

The trial in the court below with a jury resulted in a verdict and judgment in favor of plaintiff against both defendants for the sum of $654.15.

The first assignment of error complains of the action of the trial court in overruling defendant's general demurrer to plaintiff's petition. The propositions advanced under this assignment are as follows:

"Where the petition is based upon a contract which imposes upon the plaintiff duties to be performed prior to or concurrently with the defendant's obligation under the contract, and the petition discloses such duties of the plaintiff and discloses that such duties of the plaintiff have not been performed, and the petition does not allege tender of performance by the plaintiff, or does not allege a legal excuse for nonperformance on the part of the plaintiff, the petition is insufficient on general demurrer; and the defect cannot be cured by sufficient allegations made in a supplemental petition."

"The original petition of the plaintiff, upon which the case was tried, shows upon its face that the San Augustine Lumber Company, in whose right the plaintiff sues, contracted to sell to the defendant W. A. Fink a bill of lumber amounting to 236,085 feet, to be shipped as best the company could get it out, the entire bill to be shipped, however, within four months; and the petition further shows upon its face that only 157,275 feet was delivered, showing a balance of 78,810 feet undelivered, and there is no allegation in the petition offering performance by the lumber company, or excusing its failure to perform by some default on the part of Fink that would give it the legal right to rescind. The petition was therefore bad on general demurrer."

[1] It may be conceded that, as an abstract statement of the law, the first of these propositions is sound. Every essential element of a cause of action must be stated in the petition, and, when the suit is upon a contract or agreement in which the promises and covenants of the parties are mutual and concurrent, the plaintiff must allege and show performance or a readiness and willingness to perform on his part, or some act or omission by defendant which justifies a rescission of the contract by plaintiff. Townes on Pleading, p. 286; Garrison v. Cook, 96 Tex. 231, 72 S. W. 54, 61 L. R. A. 342, 97 Am. St. Rep. 906.

[2] It is also a well-recognized rule of pleading that allegations in a supplemental petition will not cure defect or omissions in the original petition. The office of a supplemental petition is to plead facts in avoidance of defensive matters set up in defendant's answer, and defects or omissions in an original petition must be cured by amendment. Townes on Pleading, p. 300.

[3] It appears from the petition in this case that the lumber company, under the contract sued on, was obligated to ship entire quantity of lumber included in the contract within four months from the date of the contract, and that said company, at the time the suit was filed, which was long after the expiration of the four months, had only shipped 157,275 feet of the 236,085 feet called for by the contract, and there is no allegation that the lumber company was ready or willing or made any offer to ship the balance of said lumber. But the petition does show that, before the expiration of said four months, the defendant had breached his contract by failing to pay the 80 per cent. of the contract price of the lumber shipped to and received by him. According to the statements contained in the petition, the amount due for lumber shipped under the contract up to August 19, 1908, was $1,704.46. Eighty per cent. of this sum, which amounts to $1,363.56, should have been paid by appellant on the receipt of the bill of lading for the shipment of August 19th, but the statement set out in the petition shows that only $1,138.71 of said amount was paid. The appellant, having failed to comply with his contract to pay 80 per cent. of the contract price of each shipment of lumber, could not require the lumber company to make any further shipments; and, this being so, plaintiff was not required to allege any offer on the part of the lumber company to further perform its contract undertaking. The court did not err in overruling the general demurrer.

The second assignment of error assails the ruling of the trial court in not sustaining the special exception to the petition before set out.

[4, 5] The assignment is without merit. The allegations of the petition objected to by said exceptions do not appear to have been necessary and might properly have been stricken out as surplusage, but they are not ambiguous nor inconsistent with the allegations declaring upon a written contract, and the exception to said allegations on this ground was properly overruled. If any error was committed in overruling this exception, it was harmless, in view of the undisputed evidence which established the written contract declared on by the plaintiff.

The third assignment of error complains of the charge of the court submitting the issue of whether the defendant breached his contract; the ground of the complaint being that such issue was not raised by the pleading. What has been said in discussing the first assignment disposes of the question raised by this assignment.

The remaining assignment assails the verdict on the ground that it is not supported by the evidence in that the undisputed evidence shows that the damage sustained by the defendant, by reason of the failure of the lumber company to ship him all of the lumber included in the contract, exceeded the balance due said company by the defendant for lumber shipped by it under said contract.

The defendant having breached the contract by failing to pay the 80 per cent. of the contract price of the lumber shipped him, the lumber company was under no obligation to ship him the balance of the lumber and cannot be held liable for any damage sustained by him because of his failure to receive all of the lumber included in the contract.

This disposes of all of the assignments presented in appellant's brief.

[6] Upon the motion for written opinion, our conclusion at the time the appeal was decided was and now is that the case is not one in which a written opinion by this court is required by the statute.

In the case of Tucker v. Freiberg & Kahn, 46 Tex. Civ. App. 160, 101 S. W. 837, this court held article 1639 of the Revised Statutes, when considered in connection with article 1636 of said statutes, should not be construed as requiring Courts of Civil Appeals to file written opinions in affirmed cases of which the Supreme Court has no jurisdiction of an application for writ of error. That opinion has been adhered to and followed by this court since it was rendered, and we have no doubt of its soundness.

[7] Such being our conclusion as to the proper construction of the statute first cited, it follows that, unless the Supreme Court has jurisdiction of an application for writ of error in the case presented by this appeal, no written opinion of this court affirming the judgment of the court below was required by the statute:

An Act of the Thirty-Third Legislature (Acts 33d Leg. c. 55) amends article 1521 of the Revised Statutes, defining the jurisdiction of the Supreme Court so as to read as follows: "Art. 1521. The Supreme Court shall have appellate jurisdiction coextensive with the limits of the state, which shall extend to questions of law arising in civil causes in the Courts of Civil Appeals in the following cases when same have been brought to the Courts of Civil Appeals by writ of error, or appeal, from final judgments of the trial courts: (1) Those in which the judges of the Courts of Civil Appeals may disagree upon any question of law material to the decision. (2) Those in which one of the Courts of Civil Appeals holds differently from a prior decision of its own, or of another Court of Civil Appeals, or of the Supreme Court upon any such question of law. (3) Those involving the validity of statutes. (4) Those involving the revenue laws of the state. (5) Those in which the Railroad Commission is a party. (6) Those in which, by proper application for writ of error, it is made to appear that the Court of Civil Appeals has, in the opinion of the Supreme Court, erroneously declared the substantive law of the case, in which case the Supreme Court shall take jurisdiction for the purpose of correcting such error." Acts of Thirty-Third Legislature, p. 107, c. 55.

It is not contended that this case comes under any of the first five subdivisions of this article, but it is claimed that, in affirming the judgment of the trial court, this court must have erroneously declared the substantive law of the case, and therefore, under subdivision 6 of the above article, the Supreme Court has jurisdiction of the case for the purpose of correcting such error. This contention cannot be sustained. No question of substantive law was involved in the decision of the case. A general demurrer to a pleading may often present a question of substantive law, but in this case there was no issue made as to what facts were necessary to be alleged in order to show a right of recovery in plaintiff, but the issue raised was: What, under a proper construction of the petition, were the alleged facts? If, in a case of this kind, a general demurrer raises a question of substantive law, then the Supreme Court has jurisdiction of a writ of error in every case in which there is an assignment complaining of the ruling of the trial court on a general demurrer, and the amendment of the statute, instead of lessening the burden of the Supreme Court, by diminishing its jurisdiction, has greatly enlarged that jurisdiction. We shall not so construe the statute until it has been so construed by the Supreme Court.

The ever-increasing number of opinions of appellate courts with which the profession is burdened, and the great majority of which serve no useful purpose in the administration of the law, or in defining the public and private rights and obligations of the citizens, is an evil which should be mitigated as far as possible. Unless the appeal presents a new question of importance, there is no reason for delaying the business of this court, incumbering the record, and adding to the already vast number of useless opinions with which our reports are so largely filled, by writing an opinion in any case in which a written opinion is not required by the statute.

For the reasons stated, the motions have been overruled.