MELLVILLE et al. v. WICKHAM et al.
(No. 6703.)

(Court of Civil Appeals of Texas. Galveston. July 2, 1914. Rehearing Denied Oct. 8, 1914.)

1. PLEADING (§ 183*)—"SUPPLEMENTAL PLEA" —RIGHT TO FILE.

A supplemental pleading, strictly, may be filed only as a reply to affirmative matter alleged in the pleading of the adverse party in response to the original pleading filed by the party offering to file the supplemental pleading, and when there was no answer filed to an original plea of privilege, a "supplemental plea" could not be filed.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 389–396; Dec. Dig. § 183.*]

2. PLEADING (§ 111*)—PLEA OF PRIVILEGE— AMENDED PLEA.

Where a supplemental plea of privilege was filed, regardless of the fact that no answer had been filed to the original plea, but such alleged supplemental plea was sufficient in itself as a plea of privilege, considered in connection with the allegations of the petition, the supplemental plea could be properly considered as an amended plea, and was therefore not subject to the objection that a supplemental plea was unauthorized.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 234–236; Dec. Dig. § 111.*]

3. INSURANCE (§ 771*)—MUTUAL BENEFIT SOCIETIES—BENEFICIARIES — "ADOPTED CHILDREN."

Where the laws of a mutual benefit society provided that the beneficiaries of a member might be his "adopted children," such term included a foster mother of the insured, whom he had legally adopted, though an adult, as his heir.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1935, 1937; Dec. Dig. § 771.*

For other definitions, see Words and Phrases, First and Second Series, Child (In Insurance).]

4. INSURANCE (§ 770*)—MUTUAL BENEFIT SOCIETIES—BENEFICIARIES—"CHILDREN."

Rev. St. 1911, art. 4832, provides that payment of death benefits on certificates issued by benefit associations to its members shall be confined to wife, husband, relatives by blood to the fourth degree ascending and descending, a stepfather, stepmother, children, children by legal adoption, or a person or persons dependent on the member. Held, that the word "children" was used to designate the relationship, and not the age of the beneficiary, and hence included the foster mother of the insured, whom he had legally adopted, while an adult, as his heir.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1933, 1937; Dec. Dig. § 770.*

For other definitions, see Words and Phrases, First and Second Series, Child (In Statutes).]

5. ADOPTION (§ 5*) — PERSONS SUBJECT TO ADOPTION—ADULTS.

An adult may be legally adopted as the heir of another, and when so adopted has the full right of inheritance as the child of the adopter, if he has no child or children the fruit of lawful wedlock, and in case he has such natural child the adopted heir takes one-fourth of the estate of the adopter, as provided by Rev. St. 1911, arts. 1, 2.

[Ed. Note.—For other cases, see Adoption, Cent. Dig. § 4; Dec. Dig. § 5.*]

6. INSURANCE (§ 793*) — MUTUAL BENEFIT CERTIFICATE—BENEFICIARY—CHANGE.

Insured had a benefit certificate payable to M., who was represented in the application to be his aunt, but who in fact was his foster mother. Insured, having legally adopted M. as his heir, attempted to have a new certificate issued payable to her as such; but this being refused, and the society having notified him of its refusal to pay the benefit to her on his death under the original certificate, insured procured a new certificate, payable to W., a minor, on her agreement that, in case of insured's death, she would collect the benefit and pay it over to M. Held that, since M., having been adopted by insured, was thereby qualified to take as a beneficiary as insured's child, both under the society's by-laws and Rev. St. 1911, art. 4832, providing the persons who may become beneficiaries, the agreement that a certificate should be made payable to W. for M.'s benefit was not an evasion of the statute or laws of the order, and was therefore enforceable.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1967–1972, 1980; Dec. Dig. § 793.*]

7. INFANTS (§ 47*) — CONTRACTS — ENFORCEMENT.

Where a minor was named as the beneficiary in a mutual benefit certificate, on her agreement that she would collect the certificate in case of insured's death and pay the proceeds over to another, her minority could not prevent the latter from enforcing the agreement, under the rule that a minor cannot take advantage of his minority to perpetrate a fraud.

[Ed. Note.—For other cases, see Infants, Cent. Dig. §§ 99, 101–108, 110; Dec. Dig. § 47.*]

Appeal from District Court, Anderson County; John S. Prince, Judge.

Suit by Mrs. Fredonia Mellville and another against Della M. T. Wickham and another. Judgment for defendants, and plaintiffs appeal. Reversed and remanded.

Gregg & Brown, of Palestine, for appellants. W. R. Petty, of Palestine, and Spann & Spann, of Temple, for appellees.

PLEASANTS, C. J. This suit was brought by appellant, Mrs. Fredonia Mellville, joined by her husband, against appellees, Della Wickham and the Sovereign Camp of the Woodmen of the World, to recover $2,000 the amount of a benefit certificate issued by said Sovereign Camp of Woodmen of the World. The petition alleges, in substance:

That on or about August 10, 1910, the Sovereign Camp of Woodmen of the World, through its subordinate camp, known as Sycamore Camp No. 26, and located at Palestine, in Anderson county, issued a certificate to John W. Pace for $2,000, payable to Mrs. Fredonia Mellville, who was represented in the application for the certificate to be the aunt of said Pace, but who was in fact the foster mother of said Pace, and was not otherwise related to him. That on or about June 17, 1913, John W. Pace legally adopted Mrs. Mellville as his heir, in accordance with the statute of this state providing for the adoption of an heir, and on June 30, 1913, through said local camp, forwarded said certificate to the Sovereign Camp, with the request that a new certificate be issued in lieu thereof, payable to Mrs. Mellville as the adopted heir of said John W. Pace; that said

Sovereign Camp refused said request, on the ground that the certificate must be payable to a blood relative, and stated that no certificate would be issued to Mrs. Mellville, and she could not collect the amount of the original certificate in event of the death of said Pace. That all premiums and assessments due upon said certificate have been paid, and that the Sovereign Camp received payment of assessments upon said certificate after it had notice of the fact that Mrs. Mellville was not related to John W. Pace otherwise than as foster mother.

"That said Sovereign Camp, in refusing to issue a new certificate payable to Mrs. Fredonia Mellville as adopted heir of John W. Pace, and advising her that she could not legally be the beneficiary in either the original certificate, in which she was designated as the aunt of said Pace, nor in a new certificate designating her as adopted heir, misconstrued the constitution of the Woodmen of the World and the statutes of Texas, both of which provide that an adopted heir may be named as beneficiary in said certificate.

"Said John W. Pace and Mrs. Mellville, on or about August 1, 1913, acting on the advice of Sovereign Camp and the promise of Della M. T. Wickham that the money should be paid to Mrs. Mellville, acting through its agents, and being in error as to their rights under the original certificate, and the efforts that they had made to obtain a new certificate payable to Mrs. Mellville, as adopted heir of John W. Pace, caused an application for the issuance of a new certificate, to issue payable to defendant Della M. T. Wickham, which application was granted, and a new certificate issued by Sovereign Camp on or about August 6, 1913, payable to said Della M. T. Wickham.

"That before said application for the certificate payable to said Della M. T. Wickham was prepared and forwarded to said Sovereign Camp, said Della M. T. Wickham requested that said certificate be made payable to her on the express promise and condition that the money should be paid over to said Mrs. Mellville when it was collected, which promise was known to the Head Camp and was concurred in by John T. Wickham, who represented to Mrs. Mellville and John W. Pace that he was the guardian of Della; but said Della M. T. Wickham now declines to comply with that promise.

"That said John W. Pace died at his residence in Anderson county, Texas, on or about August 5, 1913.

"The constitution and laws of said Sovereign Camp Woodmen of the World requires the clerk of the camp of which the deceased is a member to notify the Sovereign Clerk of the death of such member. The clerk of Sycamore Camp No 26, immediately after the death of said John W. Pace, notified the Sovereign Clerk of said death.

"That said Della M. T. Wickham declines to make out and furnish to said Sovereign Camp proper proof of the death of said John W. Pace.

"Wherefore, premises considered, plaintiffs pray that the defendants be cited to answer this petition, and that on final trial of this cause that they have their judgment against said Sovereign Camp Woodmen of the World for said two thousand dollars, and that the certificate issued to Della M. T. Wickham be canceled. But, should plaintiffs be mistaken as to their right to recover from said Sovereign Camp, then they pray that said Sovereign Camp be held liable on the certificate payable to Della M. T. Wickham, and that said Della M. T. Wickham be adjudged a trustee for the benefit of Mrs. Mellville, and that the plaintiffs recover judgment against said Della M. T. Wickham

for said two thousand dollars. Plaintiffs further pray for costs and general relief."

The appellee Della Wickham, by her legally appointed guardian, J. D. Wickham, appeared and filed in the court below on November 25, 1913, a plea of personal privilege to be sued in Bell county, the county of her residence. This plea, omitting formal portions, is as follows:

"That his said ward is not now, and was not at the time of the institution of this suit, nor at the time of the service of process herein, nor at the time of the filing of this plea, a resident of the county of Anderson, state of Texas, the county in which this suit was instituted, and is now pending, but that he and his said ward are now, and were at the time of the institution of this suit, and at the time of the service of process herein, and at the time of the execution and the filing of this plea, both residents of the county of Bell and state of Texas, and that he is duly acting as guardian of his said ward under the orders and authority and jurisdiction of the county court of Bell county, Texas, where he and his said ward then and now reside; and that none of the exceptions to the exclusive venue in the county of one's residence, mentioned in article 1830, or article 2308, of the Revised Statutes of the state of Texas, exist in this cause, and that this suit does not come within any of the exceptions provided by law in such cases, authorizing this suit to be brought or maintained in the county of Anderson and state of Texas, or elsewhere outside of said county of Bell, in state of Texas."

No answer appears to have been filed by the defendant Sovereign Camp, and no pleading was filed by appellants in answer to the plea of privilege.

On January 28, 1914, appellee Wickham, by leave of the court, filed a supplemental plea of privilege. This pleading, which is lengthy, consists of a recital of facts in regard to the issuance of the certificate which are, in substance, the same as alleged in plaintiff's petition. It then avers that upon the facts stated plaintiff has no cause of action against the Sovereign Camp of Woodmen of the World, because under the constitution and by-laws of said association and under the statutes of this state Mrs. Mellville could not become a beneficiary in a certificate issued by said association. It further avers:

"That the Sovereign Camp Woodmen of the World is ready and willing to pay to the proper beneficiary the sum named in the policy of insurance as provided in said policy when the proper proofs of the death of said John W. Pace are made and forwarded to the Sovereign Camp Woodmen of the World as provided and required by the constitution and laws of said fraternal benefit association, and as required and provided in said policy of insurance, and that it, the Sovereign Camp Woodmen of the World, is in no way contesting the payment of said sum named in said policy to the proper beneficiary.

"That the reason for joining the Sovereign Camp Woodmen of the World as a defendant with Della M. Turner, known and sued herein as Della M. T. Wickham, was for the purpose of trying to evade the laws of this state relative to venue of suits and for the purpose of requiring the defendant Della M. Turner to try this cause in Anderson county district court, instead of the district court of Bell county, where the venue of this cause is properly laid and be-

longs. That plaintiffs have no cause of action which can be brought or maintained against the Sovereign Camp Woodmen of the World, and no cause of action which can be brought or maintained in Anderson county and in the district court of Anderson county against the defendant Della M. Turner.

"Wherefore, premises considered, the defendant Della M. Turner prays that this cause, so far as the same affects her, be dismissed, and, if not dismissed, that it be transferred to the district court of Bell county, Texas, and for such further orders as may be necessary herein."

The plea of privilege was sustained by the trial court, and the case was ordered transferred to the district court of Bell county.

[1] Appellants' first assignment of error complains of the ruling of the trial court permitting appellee Wickham to file the supplemental plea of privilege. The proposition under the assignment is that:

"There is no authority of law for the filing of a supplemental plea of privilege. The purpose and object of a supplemental pleading is in reply to affirmative matter alleged in the pleading filed by the adversary party in response to the original pleading filed by the party offering to file the supplemental pleading, and when there is no answer filed, as in this case, to an original plea of privilege, a supplemental plea cannot be filed."

This is a sound proposition, and if the plea be regarded as only a supplemental plea, it should not have been allowed. Fink v. San Augustine Grocery Co., 167 S. W. 35; Townes on Pleading (1st Ed.) p. 300; Id. (2d Ed.) p. 447.

[2] We think, however, that the plea, while designated a supplemental plea, may be considered as an amended plea, it being sufficient in itself as a plea of privilege, considered in connection with the allegations of the petition that the defendant Wickham is a resident of Bell county, and we shall so consider it. We cannot, however, agree with the trial court in holding that the plea of privilege should be sustained. We think the petition shows a good cause of action against both defendants, and the venue of the suit against the association being in Anderson county, the defendant Wickham can be required to answer in that county.

[3, 4] Mrs. Mellville, as the adopted heir of John W. Pace, could receive the benefits of the certificate issued to him for her benefit. The laws of the Woodmen of the World provide that the beneficiaries of a member shall be "his wife, children, adopted children, parents, brothers and sisters, or other blood relative, or persons dependent upon the member." Article 4832 of the Revised Statutes (1911) provides that payment of death benefits upon certificates issued by benefit associations to their members shall be confined to "wife, husband, relative by blood to the fourth degree ascending and descending, a stepfather, stepmother, stepchildren, children by legal adoption, or a person or persons dependent upon the member." We think it clear that the word "children," as used in both the laws of the association and the statute, is used to designate the relationship and not the age of the beneficiary. To construe the law otherwise would exclude a member's child who was over 21 years of age, and this would certainly not be a proper construction.

[5] There is nothing in our adoption statute which prevents one from adopting an adult person as his legal heir, and the adopted person has the full right of inheritance of a child of the adopter if the adopter has no child, the fruit of lawful wedlock; and in case he has such natural child the adopted heir can take one-fourth of the estate of the adopter. Articles 1 and 2, Revised Statutes (1911). We think the term "adopted children," as used in the statute and laws of the association, was used to designate those who bear to the member the legal relation of children or heirs who would inherit as children, irrespective of the age of such adopted children or heirs.

[6] Mrs. Mellville not being disqualified to receive the benefit of the certificate, the agreement that a certificate could issue payable to appellee Della Wickham, and that she would collect the benefit thereunder and turn it over to Mrs. Mellville, was not an evasion of the statute confining the benefits of the association to the class of persons named in the statute, and said agreement can be enforced against both defendants.

[7] The minority of the defendant Della Wickham cannot prevent appellants from enforcing their rights under the agreement. A minor cannot take advantage of his minority for the purpose of perpetrating a fraud. Mrs. Mellville being entitled to recover the benefit under this certificate, her agreement that the certificate should be made payable to Della Wickham upon the promise of the latter to collect the proceeds and turn them over to her did not give said Della Wickham any right to the proceeds, and she cannot defeat Mrs. Mellville's right thereto on the ground that she is a minor and therefore not bound by her contract.

The case of Peek v. Peek, 101 Ky. 423, 41 S. W. 434, is one in which an agreement almost identical with the one in this case was sought to be enforced. In upholding the right of the plaintiff in that case to enforce the agreement against the executor of the person who had agreed to collect the certificate and turn the proceeds over to the plaintiff, the Court of Appeals of Kentucky says:

"All the rights of Mary Peek arise by virtue of the contract with David C. Peek, because by means of that contract she procured herself to be named as beneficiary in the certificate. If she had failed to carry out her contract, or her executor fails to carry out the agreement, a court of equity would cancel the certificate before it would allow the trustee to benefit herself or her estate in violation of her solemn contract."

This language is as applicable to the instant case as to the case in which it was written. It follows from the views above ex-

pressed that the judgment of the court below should be reversed, and the cause remanded; and it is so ordered.

Reversed and remanded.