## ASSOCIATED INDEMNITY CORPORATION et al. v. GATLING.

### No. 9417.

Court of Civil Appeals of Texas.
San Antonio.

Oct. 17, 1934.

Kennedy Smith, of Edinburg, for plaintiffs in error.

Frank Buchanan and Raymond H. Williams, both of San Antonio, for defendant in error.

BICKETT, Chief Justice.

Associated Indemnity Corporation brings up this case, which was originally instituted in the justice court upon an automobile indemnity insurance policy, and which was carried by the corporation on appeal to the county court, to obtain a review of the judgment of the latter court in favor of J. M. Gatling for $146.50.

This court, having read the record and carefully considered every question presented, finds that there is no merit in any of the assignments of error, all of which are, accordingly, overruled. No opinion, however, will be written for the reasons shown below.

The Courts of Civil Appeals are not required by law to file written opinions in cases in which the judgment of the lower court is affirmed and of which the Supreme Court has no jurisdiction on application for writ of error. Articles 1873–1876, Revised Civil Statutes of Texas (1925); Tucker & Co. v. Freiberg & Kahn, 46 Tex. Civ. App. 160, 101 S. W. 837; Fink v. San Augustine Grocery Co. (Tex. Civ. App.) 167 S. W. 35; Godwin v. Banister (Tex. Civ. App.) 242 S. W. 1098; S. A. & A. P. Ry. Co. v. Gooch (Tex. Civ. App.) 247 S. W. 917.

In the interest of efficiency in the administration of justice, this court, beginning with the October, 1934, term, will not write opinions in those cases in which it is not required to do so, unless the questions involved be deemed of such special importance or difficulty as to demand discussion in a written opinion. The constantly increasing number of the reported opinions of appellate courts in this country, now amounting to about 25,000 opinions per annum, is a burden not offset by commensurate benefits. The frequent restatement of accepted reasons upon which ancient and settled principles of the law rest makes no contribution to the body of our jurisprudence. Nor does the reiteration of applicable principles generally serve any useful purpose in a case which cannot be reviewed by a higher court and will not be remanded to the lower court for another trial. In such a case, the zeal of counsel is not sufficient justification for the writing of an opinion, useless to the particular litigant as well as to others. Moreover, a reduction in the

number and extent of written opinions will result in a substantial saving of the court's time that can be more advantageously spent in passing upon other cases awaiting decision. This, indeed, is the most important aspect, of the matter. To improve the judicial process by expediting the business of the courts, without affecting adversely the soundness of their decisions, is, and long has been, the desideratum of all patriotic members of the legal profession. The American Bar Association has specifically recommended that appellate courts decide more cases without written opinions. And, where the proverbial delays of the law have been successfully eliminated from the appellate system, the courts have, in most instances, followed that course. Several of the state Supreme Courts and the Supreme Court of the United States furnish notable examples, as may be seen from the current volumes of the reports. Thus the wisdom of the policy cannot be doubted.

The judgment is affirmed.