In the case of Travelers' Insurance Co. v. Schuyler B. Marshall. 76 S.W.(2d) 1007, opinion not yet published [in State report], the Supreme Court, speaking through Chief Justice Cureton, held this act unconstitutional and void.

The judgment is reversed, and the injunction dissolved.

Emilla H. PARADA, Appellant, v. AMERICAN NATIONAL INSURANCE COMPANY, Appellee.

No. 9485.

Court of Civil Appeals of Texas. San

Antonio.

Dec. 19, 1934.

Rehearing Denied Jan. 16, 1935.

G. Woodson Morris and Martin S. Tudyk, both of San Antonio, for appellant.

Carter & Carter, of San Antonio, for appellee.

PER CURIAM.

Affirmed without written opinion. See Associated Indemnity Corporation v. Gatling (Tex. Civ. App.) 75 S.W.(2d) 294.

TRAVELERS' INS. CO. et al., Appellants, v. Schuyler B. MARSHALL, Sr., et ux., Appellees.

No. 11876.

Court of Civil Appeals of Texas. Dallas. Dec. 15, 1934.

For former opinion, see 74 S.W.(2d) 658.

Renfro & McCombs and James A. Kilgore, all of Dallas, for appellants.

John Davis, of Dallas, for appellees.

JONES, Chief Justice.

At a former day, this court in a written opinion affirmed the judgment of the lower court, granting a temporary writ of injunction restraining the sale of appellee's land, prior to February 1, 1935, under a provision in a deed of trust, securing a debt owing by appellees to the Travelers' Insurance Company.

The proceedings of the lower court were had under what is commonly known as the 1934 Moratorium Law (Vernon's Ann. Civ. St. art. 2218b note), and the injunction was granted solely under the provisions of that law. Appellants challenged, by appropriate pleadings, the constitutionality of said law, and this is the only question involved on this appeal. This court held such law constitutional, and the opinion is reported in 74 S.W. (2d) 658. Pending a motion for rehearing, this court certified the question involved to the Supreme Court, and, in a recent decision answering the certified question, the Supreme Court pronounced the law unconstitutional. 76 S.W.(2d) 1007. The opinion on the certified question, at this writing, has not been reported.

Under the opinion of the Supreme Court, it has become obligatory upon this court to grant the motion for rehearing, set aside the judgment of affirmance, and to render the cause in favor of appellants. The judgment of affirmance of this court must be set aside, and judgment rendered in favor of appellants, dissolving the temporary writ of injunction, and it is so ordered.

Reversed, and temporary writ of injunction dissolved.