## McKAY v. BUEHRING.
### No. 8073.

Court of Civil Appeals of Texas. Austin.
Feb. 20, 1935.

Rehearing Denied March 6, 1935.

Theo W. Lueders, of La Grange, for appellant.

E. C. Overall, of Gonzales, for appellee.

BAUGH, Justice.

Appeal is from a judgment of the county court in favor of appellant against appellee for $48.50, in a hearing after certiorari granted to the justice court to review a judgment there rendered for appellant against appellee for $193.50, upon an open account. An appeal to the county court was attempted upon affidavit of inability to pay costs, filed eight days after the justice court judgment. The transcript was sent by the justice court to, and filed in, the county court, but was later dismissed in the county court upon motion of appellant on the ground that the affidavit, under the provisions of article 2457, R. S., as amended by Acts 1931, 42d Leg., p. 226, c. 134, § 2 (Vernon's Ann. Civ. St. art. 2457), was filed too late. Thereupon, appellee applied to the county court for writ of certiorari, which was granted.

We do not deem it necessary to discuss at length the issues raised. The application for certiorari complied with the provisions of articles 941, 945, and 2460, R. S. Any negligence on the part of appellee in presenting valid defenses in the justice court was negatived in the application for certiorari. The matter of granting such application under the circumstances was one addressed to the sound discretion of the county court, and we find no abuse of that discretion. Under the record presented, we think it clear that an injustice to appellee would have resulted from failure to do so. Likewise, the question of whether appellee in her attempted appeal was guilty of negligence in not filing her af-

fidavit of inability to pay costs within the five days prescribed by article 2457, R. S., as amended, was one addressed to the discretion of the county court. And under the facts shown we do not find any abuse of discretion in that respect.

 The county court having properly acquired jurisdiction by certiorari, under its discretionary power to grant such writ, the trial became one de novo in that court. The case was there tried to the court without a jury and judgment rendered as above stated. The pleadings, the findings of fact filed by the trial court, and the evidence were clearly sufficient to sustain the judgment entered. No new nor novel issues of value to the jurisprudence of the state are raised by the issues presented on the appeal. We have carefully considered the assignments presented, find them without merit, and they are overruled. Under the policy announced in Associated Indemnity Corporation v. Gatling (Tex. Civ. App.) 75 S.W.(2d) 294, we deem it unnecessary to discuss them here. Finding no error in the record, the judgment of the trial court is affirmed.

Affirmed.