

Other propositions which complain of argument of counsel have been considered and are respectfully overruled. When counsel told the jury that defendant had urged the statutes of limitation against his brothers and sisters he did not impart to the jury any information they had not already learned from the pleadings read to them and the evidence offered in support thereof. Evidence had been heard as to the value of the land, the improvements and its yield. Counsel's remarks were his own deductions from this evidence as to its value. Argument that the $100 paid in by Mrs. Casey had come from the sale of chickens, eggs and butter was not an unreasonable observation from the evidence given by her. The jury could tell from her appearance that she was an aged lady and a farmer's wife. They heard her testify about her farm operations. She testified when she handed the $100 to defendant it was all the money she had.

It is to be noted that defendant entered a general denial and plea of not guilty. In addition he moved for an instructed verdict. The costs were properly taxed against defendant. Johnson v. Johnson, Tex.Civ.App., 191 S.W. 366, 368; Edds v. Edds, Tex.Civ.App., 282 S.W. 638; R.C.S. Article 2056.

The judgment is affirmed.

Kenneth Faxon and J. T. Canales, both of Brownsville, for appellants.

Brown & Criss and Osce Fristoe, all of Harlingen, for appellees.

PER CURIAM.

Affirmed without written opinion. See Associated Indemnity Corporation v. Gatling, Tex.Civ.App., 75 S.W.2d 294.

**NORTON et al. v. BRIDGE et al.**

No. 5659.

Court of Civil Appeals of Texas. Texarkana.

Oct. 23, 1940.

Rehearing Denied Nov. 14, 1940.

**HARTSFIELD et ux. v. A. O. REECE & SON et al.**

No. 10768.

Court of Civil Appeals of Texas. San Antonio.

Nov. 13, 1940.