Such rule, however, was distinguished in Baker v. State, 132 Tex.Cr.R. 527, 106 S.W.2d 308, 312.

The Baker case, supra, was a prosecution for selling intoxicating liquor in a dry area, and was under a statute which carried a proviso that such did not apply to the "holders of industrial or medicinal permits." Vernon's Ann.P.C. art. 666—4(b). In concluding that such exceptions were not required to be negatived in the State's pleading, this court held that, where the exceptions to the application of a statute are not a necessary part of the definition of the offense denounced by or descriptive of it, no necessity existed to negative their existence. As demonstrating the rule, we said: "In other words, if the thing forbidden by the particular statute under consideration could not be proved, or the case could not be made out without proof of the so-called exception or omission, then said exception would be a necessary element of the offense, and its existence should be negatived in the indictment and find support in proof."

The distinction between the two rules rests in the offense created in the statute. In the Baker case, supra, the offense created applied to all persons selling intoxicating liquor in a dry area. The exceptions there relieved against the operation of the statute. Certainly the exceptions noted were no part of the offense created, nor were they descriptive of it. The offense was complete without the exceptions.

Such is not true of the instant case. Here the statute operates only against those who do not have the authority to practice law in this state. The lack of such authority is, therefore, a component part of the offense created, and without which no violation of the statute would exist.

The conclusion is reached that, in order to charge a violation of the statute here under consideration, the State must al-

lege and must prove that the accused was not a member of the bar regularly admitted and licensed to practice law in this state, and that, in its failing so to do, the complaint is fatally defective. An information must be supported by and founded upon a valid complaint. Jarrell v. State, 120 Tex.Cr.R. 306, 49 S.W.2d 752; Branch's P.C., Sec. 476.

It follows that the judgment of the trial court should be reversed and the prosecution dismissed. It is so ordered.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## HAMMONDS v. RILEY.

### No. 4064.

Court of Civil Appeals of Texas. El Paso.
April 17, 1941.

Rehearing Denied May 15, 1941.

Cunningham, Ward & Cunningham, of El Paso, for appellant.

R. B. Rawlins, of Monahans, for appellee.

SUTTON, Justice.

This is an appeal from a judgment of the County Court at Law, El Paso County, on a promissory note in the principal sum of $500. The record discloses a proper judgment without any reversible error, and it is affirmed without opinion. McLoughlin et ux v. Schnitzer, Tex.Civ.App., 147 S.W.2d 826.