### WARE v. FARMER et al.
### No. 15032.

Court of Civil Appeals of Texas.
Fort Worth.
March 18, 1949.
Rehearing Denied April 15, 1949.

Ed C. Stearns, of Dallas, for appellant.

Andress & Ramsey and Wm. Andress, Jr., all of Dallas, for appellees.

SPEER, Justice.

This case arose in Justice Court, was tried and appealed to the County Court, it

was there tried to the court without a jury and judgment was entered on the unpaid balance of a note for $70.00 in favor of plaintiff, V. L. Ware, against defendants, A. A. Farmer and W. E. Farmer, with foreclosure of a chattel mortgage lien on personal property of the value of $175.-00. Plaintiff appealed to the Dallas Court of Civil Appeals and by an order equalizing dockets the Supreme Court has transferred this appeal to us.

The trial court denied plaintiff a recovery of a $25.00 attorney's fee and his only complaint here is of that denial.

We have carefully reviewed this whole record and find that no reversible error is presented. It therefore becomes our duty to affirm the judgment of the trial court. In such circumstances we refrain from writing an opinion on the point of assigned error, under provisions of old Articles 1873 and 1874, R.C.S. and as re-enacted by Rules 453 and 454, Texas Rules of Civil Procedure; each of which has many times been construed by our courts, in such case as Associated Indemnity Corporation v. Gatling, Tex.Civ.App., 75 S.W.2d 294. Under authority of that case and the many decisions of several of our Courts of Civil Appeals following it, found in Shepard's Citations, when a case is affirmed by a Court of Civil Appeals, and because of the nature of the case the judgment is final and may not be reviewed by the Supreme Court on application for writ of error, the Court of Civil Appeals is not required to write an opinion in the case. We, too, think such a rule is a wholesome one, unless the principle involved "be deemed of such special importance or difficulty as to demand a discussion in a written opinion." The reiteration of settled principles of law adds nothing to our jurisprudence. It adds volume to the number of published opinions increasing the burdens of the student of the law in his diligent search to keep abreast with current court decisions, and slowly but surely adds to the number of books he is compelled to buy.

From this date on, it will be the policy of this court when conditions arise such as we have in the instant case, and we conclude the judgment of the trial court should be affirmed and such judgment cannot reach the Supreme Court on application for writ of error, and no new questions are involved, we will refrain from writing opinions giving our reasons for such affirmances. The judgment of the trial court in this case is affirmed.