The trial court adequately charged the jury from that viewpoint.

The other viewpoint which appellant insists should have been submitted is to the effect that though he may have known the difference between the right and wrong of the act he was committing, yet if he was unable to choose between the right and wrong of that act, the defense of insanity would be established, nevertheless.

Such a charge the trial court refused.

We are unable to agree that the trial court was in error.

■ If an accused knows or is able to distinguish the difference between the right and wrong of the act he is then doing, he has sufficient mentality to know that the act which he is then doing is wrong. Otherwise, there would be no occasion for the right and wrong test.

In order for one to choose between two alternatives he must, of necessity, understand those alternatives. So if appellant had sufficient mentality to know that the act he was then doing was wrong, he had sufficient mentality to choose between the wrong and the right. On the other hand, if he was unable to know that the act he was doing was wrong, then he was not possessed of sufficient mentality to choose between that which he did not know and the right.

It is apparent, therefore, that if appellant's contention be correct and that the defense of insanity may be predicated upon the ability of one to choose between right and wrong when he knows the right or wrong of the act, the doctrine of irresistible impulse has been written into the law of insanity as a defense.

We are unwilling to approve that doctrine.

Consideration has been given again to appellant's contention that reversible error is reflected by the statement of state's coun-sel that a member of appellant's counsel knew the whereabouts of an absent witness.

While the question is not without difficulty, we remain convinced that the statement was not of such nature as that it would require a reversal of the conviction notwithstanding the action of the trial court in withholding the statement from the jury's consideration.

All other questions have been examined, and we remain convinced that a correct conclusion was reached originally.

Appellant's motion for rehearing is overruled.

**Harry ROTHWELL, Appellant,**

v.

**LUBRICATION ENGINEERS, Inc., Appellee.**

**No. 15724.**

Court of Civil Appeals of Texas.

Fort Worth.

May 25, 1956.

Cowsert & Bybee, Hereford, Russell A. Moran, Dimmitt, for appellant.

W. Scott Clark, Fort Worth, for appellee.

RENFRO, Justice.

This is an appeal from an order of the County Court at Law of Tarrant County overruling appellant's plea of privilege to be sued in Castro County.

We have carefully considered the entire record, the briefs of the parties and the authorities and, finding no reversible error, affirm the judgment of the trial court without written opinion. Associated Indemnity Corporation v. Gatling, Tex.Civ. App., 75 S.W.2d 294; Hartsfield v. A. O. Reece & Son, Tex.Civ.App., 144 S.W.2d 959; Hammonds v. Riley, Tex.Civ.App., 151 S.W.2d 602; Wilkerson v. Angel, Tex. Civ.App., 213 S.W.2d 104; Ware v. Farmer, Tex.Civ.App., 219 S.W.2d 158.

Affirmed.