**636**

Glenn CHAIN et al., Appellants,

v.

Milton T. POTTS et al., Appellees.

No. 6963.

Court of Civil Appeals of Texas.

Beaumont.

May 16, 1968.

Schlanger, Cook & Cohn, Martin & Knox, Houston, for appellant.

Garrison, Renfrow, Zeleskey, Cornelius & Rogers, Lufkin, Ross Hightower, Livingston, for appellee.

PARKER, Justice.

Summary judgment was rendered and entered on the 28th day of August, 1967, for the plaintiffs, Milton T. Potts, W. W. Lynch, J. F. Maddox and Wilson Harden and wife, Ollie B. Harden, and against defendants, Glenn A. Chain and Neil Chain, cancelling and holding for naught and removing as clouds upon plaintiff's title to a 124 acre tract of land a power of attorney dated October 23, 1964, from Wilson Harden et ux, to Glenn Chain, recorded in Vol. 205, page 48, Deed Records of Polk County, Texas, and the purported assignment of an interest therein dated May 14, 1965, from Glenn A. Chain to Neil Chain, recorded in Vol. 209, page 45, Deed Records of Polk County, Texas. Such judgment further provided that plaintiffs take nothing upon their claim for damages, as prayed for in their petition, and that the defendants' claim for damages, as prayed for in their cross-action, be dismissed. Defendants have appealed. The parties will be designated as in the trial court.

This is a companion case to Chain, et al. v. Pye et al., Tex.Civ.App., 429 S.W.2d 630, which is disposed of by this court this day. In all material respects they are alike, except that the land owners who gave the power of attorney to Glenn Chain in the instant case were Wilson Harden and wife, Ollie B. Harden, and both were alive at the time of trial. The briefs of the parties, the pleadings in the trial court, and the points of error of the appealing defendants are alike.

We have carefully considered the entire record and briefs and oral arguments in behalf of both parties and have reached the conclusion that no reversible error is shown, and that the judgment is in accord with both substantial and legal justice. In oral argument, the parties agreed that the questions involved in each of the two cases are the same. We, therefore, affirm the trial court's judgment without written opinion, in keeping with the spirit of Rule 452, Texas Rules of Civil Procedure, and under the authority of Porter v. McClendon, 272 S.W.2d 934; Associated Indemnity Corporation v. Gatling, Tex.Civ.App., 75 S.W.2d 294; Hartsfield v. A. O. Reece & Son, Tex.Civ.App., 144 S.W.2d 959; Hammonds v. Riley, Tex.Civ.App., 151 S.W.2d 602, writ dismissed; Western Life Ins. Co. v. Alcorn, Tex.Civ.App., 153 S.W.2d 868; Wilkerson v. Angel, Tex. Civ.App., 213 S.W.2d 104; Ware v. Farmer, Tex.Civ.App., 219 S.W.2d 158.

Judgment of the trial court is affirmed.