## SUSAN M. PALMER AND HUSBAND v. HARRIS COUNTY.

### Decided May 29, 1902.

1.—Eminent Domain—Necessity—Determination.

In a proceeding to condemn land for a ditch to drain a public highway, the necessity for taking the land for such purpose should not be submitted to the jury trying the case in the county court, since the determination of the commissioners court as to such necessity is conclusive on that point. Gen. Laws 1901, p. 223.

2.—Same—Value of Land—Verdict Too Small.

Where the application for condemnation stated the value of the land at $100 per acre, the commissioners assessed it at $75, and the witnesses all put it at from $60 to $300, except one who put it at $40, a verdict assessing the

land at $40 is so manifestly against the weight of the evidence as to require a reversal of the judgment.

2.—Same—Judgment—Devesting Title.

In condemnation proceedings for highway purposes the judgment should not undertake to devest the title of the owner of the land, but only to subject the land to the use required.

Appeal from the County Court of Harris. Tried below before Hon. E. H. Vasmer.

*L. B. Moody,* for appellants.

*F. L. Schwander,* County Attorney, for appellee.

GARRETT, CHIEF JUSTICE.—This appeal is from a judgment of the County Court in a proceeding by the county of Harris to condemn land belonging to the appellant for the construction of a ditch to drain a public road. The court correctly refused to submit to the jury the question of the necessity of taking the land. That matter was concluded by the action of the commissioners court in determining that it was necessary to use the land for the purpose of draining the public road. Chap. 84, sec. 14, Acts 27th Leg. (Gen. Laws, p. 223) ; Mills on Em. Dom., sec. 11; 10 Am. and Eng. Enc. of Law, 1057.

But the judgment of the court below should be reversed because the jury have clearly allowed the appellant inadequate compensation for the land. It may be that the jury were influenced by the idea that it might not have been necessary to use all of the tract sought to be condemned for the construction of the ditch, but the proceeding was to condemn the entire tract, and so far as presented by the record the value of the land might be so affected by the construction of the ditch as to destroy its use by the appellant for any purpose. Hence the inquiry must be addressed to the market value of the entire tract sought to be condemned. In the application for condemnation the county attorney put the value at $100 an acre; the commissioners assessed the same at $75, while the jury in the County Court rendered a verdict assessing it at $40, for which judgment was rendered. The valuation is found upon the evidence of one witness and is the lowest valuation given by any witness, though it is true that one of the witnesses testified that the land was not fit for cultivation, yet he did not fix any value. All of the other witnesses for both plaintiff and defendant, of whom quite a number were called, testified that the land was worth from $60 to $300 an acre. The verdict is so manifestly against the great preponderance of the evidence that we deem it our duty to set it aside. In view of another trial of the case the attention of the court below is called to the form of the judgment that should be entered. The court should not undertake to devest the title of the owner, but only to subject the land to the use required. Railway v. Markel, 32 Texas 723.

*Reversed and remanded.*