DAN WRIGHT ET AL. v. EDGAR W. HOOKER ET AL.

Decided April 2, 1909.

**1.—Notes and Bills—Sureties—Liability—Recovery Over.**

Where the trustee of the estate of a bankrupt sued the payee to recover the amount received by him from the bankrupt in payment of the note of the bankrupt which was a preference, and the defendant made the sureties on the note parties and sought recovery over against them, and thereafter compromised and settled with the plaintiff, the sureties were liable to him for the amount so paid, and he was entitled to judgment against them if the pleadings authorized such a judgment.

**2.—Same—Pleading.**

Where the payee was sued to recover the amount received by him in payment of a note, which payment was a preference, and made the sureties on the note parties and sought recovery over against them for the amount that was adjudged against him, and thereafter compromised and settled with the plaintiff but failed to amend his pleadings, but the sureties set up such compromise and settlement and prayed that they should not be held liable, if at all, for more than the amount paid in settlement, their pleadings supplied the deficiency in those of the original defendant, and the pleadings together supported a judgment in his favor in that amount.

**3.—Notice—Principal and Agent.**

If the agent has knowledge of a fact at the time he acts for the principal, notice will be imputed to the latter, notwithstanding the agent had such knowledge prior to the beginning of the agency.

**4.—Judgment on Undisputed Evidence—Procedure—Harmless Error.**

When under the undisputed evidence no other judgment than the one rendered could have been properly rendered, errors of procedure occurring on the trial are immaterial.

Appeal from the County Court of Nacogdoches County. Tried below before Hon. C. D. Mims.

*Ingraham, Middlebrook & Hodges,* for appellants.—The plaintiff in this cause under the case as it went to the jury, under the pleadings and evidence not having recovered any judgment, and the defendant E. A. Blount praying for a judgment against these defendants only in the event that the plaintiff recovered a judgment against him, the court, when it determined that plaintiff was not entitled to any judgment against E. A. Blount on the matter set up in his petition, should have instructed a verdict for these defendants, and erred in not doing so. Barber v. Geer, 94 Texas, 584; Harding v. Commissioners' Court, 95 Texas, 175; Western Union Tel. Co. v. Smith, 88 Texas, 13; Moore v. Kennedy, 81 Texas, 147; Roche v. Lovell, 74 Texas, 191; Hoefling v. Dobbin, 40 S. W., 58; Farries v. Cockerell, 88 Texas, 428; Haberman v. Heidrick, 66 S. W., 106; Whitaker v. Sanders, 52 S. W., 640.

The knowledge of an agent that can be imputed to its principal is

only such as he requires after he becomes an agent. The agent's knowledge before his employment can not be imputed to the principal. Bradstreet Co. v. Gill, 72 Texas, 117; Dawson v. Sparks, 1 Posey's U. C., 758; Irvine v. Grady, 85 Texas, 122; Texas L. Agency v. Taylor, 88 Texas, 49; Kauffman v. Robey, 60 Texas, 308.

*H. B. Short* and *S. W. Blount,* for appellee E. A. Blount.

PLEASANTS, CHIEF JUSTICE.—At a former day of this term we affirmed the judgment of the court below without a written opinion. Appellants have filed a motion requesting that we prepare and file a written statement of our conclusions of fact and law upon the questions presented by the record. While the statute does not require the Courts of Civil Appeals to render written opinions in affirmed cases which can not be taken to the Supreme Court by writ of error, in deference to request of counsel we will briefly state the nature of the case and the reasons which controlled us in concluding that the judgment of the court below should be affirmed. (Tucker & Co. v. Freiberg & Kahn, 46 Texas Civ. App., 160.)

The suit was brought by Edgar W. Hooker, trustee of the bankrupt estate of J. Wright, to recover from E. A. Blount the amount paid him by said Wright on a note held by Blount which was executed by the said Wright as principal and upon which appellants were sureties or endorsers. The ground upon which recovery was sought was that the payment to Blount was made by Wright after he became insolvent and within four months of the date upon which he was adjudged a bankrupt, and that Blount received such payment with knowledge of Wright's insolvency. Blount answered, denying any knowledge of the insolvency of Wright at the time of said payment, and alleging the execution of the note by Wright and the appellants herein, and prayed that they be made parties and, in event of judgment against him, that he have judgment over against the appellants for the amount recovered by plaintiff.

The appellants answered in the court below by general exception and general denial and various special exceptions and pleas, one of said pleas being as follows:

"And now come the said defendants and say that they have been informed and believe that since the institution of this case the plaintiff in this case and the defendant E. A. Blount have settled, adjusted and compromised this matter; that *is,* the matters involved in this suit, by the said E. A. Blount paying the sum of $500 and agreeing to pay all costs, and so charges the facts to be upon their information and belief, and they further say it would be unjust and inequitable for the defendant Blount to recover of them at all, and anyhow he ought not to because he only asks to recover in the event plaintiff recovers against him, and the plaintiff now has no cause of action against the said Blount or to recover of them any other sum than that which he has paid to adjust said matter, and these facts they are ready to verify."

The evidence is undisputed and establishes the following facts: Wright was insolvent at the time he paid the note held by Blount, and

was adjudged a bankrupt within less than four months thereafter. The agent of Blount to whom the money was paid knew of Wright's insolvency at the time the payment was made, but Blount had no personal knowledge thereof. The amount paid Blount by Wright in satisfaction of the note was $700. After this suit was brought Blount compromised with the appellee Hooker by paying him $500 in full settlement of his claim for $700 and agreeing to pay the costs of suit. After this compromise was made there was no amended pleading filed by Blount, and the case went to trial upon the pleading before set out. Upon this state of the pleadings and evidence the trial judge instructed the jury to return a verdict in favor of Hooker against Blount for his costs, and in favor of Blount against the appellants for $500 and interest at ten percent from date of the payment of said amount by Blount to Hooker, and for all costs of suit. A verdict was returned as directed and judgment rendered accordingly.

It is very earnestly insisted by counsel for appellants that the verdict and judgment can not be upheld because they are not supported by the pleadings. We do not think this contention is sound. It is true that the appellee Blount only asked to recover of appellants the amount which appellee Hooker might recover against him, and it may be that notwithstanding he pleads the facts fully as to the execution of the note and the liability of the appellants to him thereon for whatever portion of the money paid him by Wright he would be required to return to the trustee in bankruptcy, he would not under his pleadings be entitled to recover against appellants any sum not expressly adjudged to Hooker in this suit. But we think the plea of appellants before set out, in which the facts of the compromise are fully stated and judgment is asked to be rendered against them in event they are held liable at all only for the $500 paid by Blount in compromising the claim of Hooker, supplies the deficiency in Blount's pleadings. The undisputed evidence shows that Blount was liable to Hooker for the full amount of the $700 paid him by Wright, and having paid $500 in settlement of said amount, appellants, who were bound to him for the whole amount due on said note, are clearly liable for the $500 so paid by him. The answer of appellee Blount contains a prayer for general relief, and the facts pleaded by him and by the appellants and shown by the undisputed evidence establish his right to the relief granted by the judgment.

It is further contended by appellants that the knowledge of Blount's agent of the insolvency of Wright at the time the note was paid having been acquired prior to his agency and not while he was acting in such capacity, can not be imputed to his principal. It is true that the agent first learned of Wright's insolvency before he received the note for collection, but the evidence leaves no doubt of the fact that at the time he received the money from Wright he knew of the insolvency. If he knew the fact existed at the time he acted for his principal it is immaterial that he had such knowledge prior to the beginning of his agency. (Fire Association of Philadelphia v. La Grange & L. Compress Co., 109 S. W., 1134; Hooker v. Blount, 44 Texas Civ. App., 162.)

None of the assignments are meritorious. In our opinion no other

judgment than the one rendered could have been properly rendered upon the evidence, which is undisputed, and therefore any error of procedure which may have occurred on the trial became immaterial, and the judgment of the court below was therefore affirmed.

*Affirmed.*