## WOLSCH v. STATE.
### No. 1359.

Court of Civil Appeals of Texas. Eastland.
Dec. 14, 1934.

Maurice Brooks, of Abilene, for the State.

T. E. Knight, of Aspermont, for defendant in error.

HICKMAN, Chief Justice.

The proceeding was one for the condemnation of a strip of land for state highway purposes across plaintiff in error's farm. The farm contains 250 acres, and the strip actually taken contains 15.75 acres. Four findings were made by the jury, in answer to special issues, as follows: (1) The reasonable market

value of the land taken was $30 per acre, which by calculation amounts to $472.50. (2) The diminution in market value of the land remaining (234.25 acres) was $1.89 per acre, which by calculation amounts to $442.73. (3) Plaintiff in error sustained damages in the amount of $150 by reason of cutting his field and pasture into different parts and causing inconvenience in crossing the highway and cultivating short rows. (4) The reasonable cost to plaintiff in error of building fences made necessary by the establishing of the highway through his land would be $200.

The trial court rendered judgment for $822.50, the sum of items Nos. 1, 3, and 4, excluding item No. 2. In this we think there was error, for the judgment does not conform to the verdict. The general rule for measuring the damages in a condemnation proceeding when a part of a tract is taken is to allow the reasonable market value of the land actually taken, plus the diminution in value of that remaining. R. S. 1925, art. 3265; 16 Tex. Jur., p. 986, § 307, and authorities there cited.

Having determined that there was error in the judgment in that it did not include item No. 2, the question then is presented as to whether we can here render judgment on these findings. We have concluded that we cannot do so, but that another trial of this cause must be had. Item No. 3 is clearly included in item No. 2. Inconvenience suffered by plaintiff in error on account of having his field and pasture cut into different parts, and by having a highway separate the several tracts, is an element to be considered in determining the diminution in market value of the part remaining, but is not within itself an ultimate issue. Morris v. Coleman County (Tex. Civ. App.) 28 S. W. 380; Clements v. Fort Worth & D. S. P. R. Co. (Tex. Civ. App.) 7 S.W.(2d) 895; Texas Electric Service v. Wells (Tex. Civ. App.) 8 S.W.(2d) 705; 16 Tex. Jur. p. 993, § 312.

The same is true as to the reasonable expense for doing additional fencing. Evidence of such cost is admitted in determining whether the tract of land as a whole has been damaged, but, as a general rule, such cost is not recoverable, as a separate item. Currie v. Glasscock County (Tex. Civ. App.) 212 S. W. 533; 16 Tex. Jur. p. 992, § 312. The record does not affirmatively disclose that this element was not considered by the jury in answering issue No. 2.

Clearly, we cannot add the sum of these two items to item No. 2, for by so doing we would be authorizing a double recovery. Neither can we disregard items Nos. 3 and 4 and reform the judgment so as to award damages in the sum of items Nos. 1 and 2. This is true for the reason that the only diminution in value to the land remaining about which the witnesses testified was due to the elements included in items Nos. 3 and 4. There was some testimony as to diminution in value because of the diversion of flood waters from their normal flow, but the jury found no damages would be suffered on that account. The record therefore presents a clear conflict in findings. The sum of the amounts found in items Nos. 3 and 4 is less than the amount of item No. 2. The result is that we are unable to render any judgment on these findings, and the judgment of the trial court will therefore be reversed, and the cause remanded.