**CAROTHERS v. CAMERON.**
No. 1707.

Court of Civil Appeals of Texas. Waco.
March 12, 1936.

Rehearing Denied April 16, 1936.

W. L. Eason and Sam Darden, both of Waco, for appellant.

Bryan & Maxwell, G. H. Zimmerman, and Sleeper, Boynton & Kendall, all of Waco, for appellee.

ALEXANDER, Justice.

The plaintiff, Merle E. Carothers, brought this suit against W. W. Cameron to recover damages for personal injuries. It was alleged that the plaintiff, a lumber salesman, went to the office of Wm. Cameron & Co. for the purpose of selling lumber, and while he was seated in the office of the company in a chair with his feet hooked around the legs of the chair, the defendant, W. W. Cameron, slipped up behind him and punched him in the back and spoke to him, thereby frightening him and causing him to twist his body so as to produce partial paralysis. In addition to a general denial, the defendant alleged that he and the plaintiff had been good friends for a number of years prior to the accident in question; that it was their custom to engage in joking and innocent amusements with each other and that due to said custom the defendant had no right to expect that the plaintiff would be injured by the manner in which he approached him on the occasion complained of; and that plaintiff's injuries were due to previous ailments and to his excessive use of intoxicating liquors. The jury, in answer to special issues, found that plaintiff did not have his feet hooked around the legs of the chair at the time defendant contacted him; that the relation between the parties prior to the act complained of was such as to justify the defendant in his speech and conduct toward plaintiff such as was indulged in on the occasion in question, and that in the exercise of ordinary care the defendant would not expect the plaintiff to be injured thereby and that the defendant was not negligent in so contacting plaintiff; that plaintiff sustained an injury on the occasion in question, but that said injury was the result of an unavoidable accident and due to physical ailments of plaintiff existing prior to said injury; and that plaintiff was not entitled to any damages therefor. The plaintiff appealed.

The appellant presents 121 assignments of error and 191 propositions for reversal of the case. We will discuss only the most important of these propositions.

■ By several assignments, the appellant complains because the court permitted the defendant to prove by the plaintiff on cross-examination and by other witnesses that plaintiff frequently used intoxicating liquor to excess both before and after the date of the alleged injury. As before stated, the defendant had alleged that plaintiff's paralytical condition was brought about by the excessive use of intoxicating liquor and that his continued use thereof had retarded his recovery. Numerous physicians testified that the excessive use of intoxicating liquor would produce a condition such as was complained of by the plaintiff and that a continued use thereof would prevent recovery. Under the circumstances, we do not think there was any error committed by the trial court in admitting the evidence complained of.

■ The appellant charges that one of the jurors, Mr. Hester, was not a fair and impartial juror and that he was guilty of such misconduct after the retirement of the jury as to require a new trial. Said juror, when examined on voir dire with reference to his fitness as a juror, stated that the fact that the plaintiff sometimes used intoxicating liquor to excess would not of itself prejudice the juror against plaintiff's case. He was not asked what would be his views with reference to one who would buy and consume "bootleg" whisky. Upon the trial much evidence was introduced tending to prove that the plaintiff consumed much whisky, but there was no evidence that he either purchased or consumed "bootleg" whisky. There was also evidence that the defendant sometimes drank whisky. After the jury retired an argument arose among the jurors, in which the juror Hester said: "Any man that buys bootleg whisky and drinks it, I believe will tell a lie because he wouldn't tell who he got it from and wouldn't tell where he got it." Thereupon Juror Kousal said: "Are you throwing that at me? Do you believe me? I drink whisky and I buy bootleg whisky." Juror Hester then asked: "Who is your bootlegger?" To which Kousal replied: "That is none of your business." Whereupon Hester said: "Yes, I believe you." Another juror said: "You believe me, I drink whisky." To which Hester replied: "Yes." Several of the jurors testified that they understood that the parties were merely joking each other. Counsel for the plaintiff knew that the juror Hester was an ardent prohibitionist at the time he was accepted for jury service and knew that he was opposed to the buying and selling of bootleg

whisky. We do not think that the juror was disqualified nor that his conduct was so prejudicial as to materially affect the disposition of the case. This assignment is overruled.

■ The evidence disclosed that prior to plaintiff's injury the plaintiff and defendant had been life-long friends. The plaintiff alleges that there was such misconduct of the jury as to require a new trial, in that one of the jurors while the jury was deliberating said that he did not think that one friend ought to sue another. Four of the jurors who testified on the motion for new trial, including the juror who was alleged to have made the statement complained of, denied that any such statement was made. This raised an issue of fact for the trial judge, and since he overruled the motion for new trial and thereby impliedly found in favor of the defendant on this issue, we must assume that no such statement was made by the juror. The same thing is true with reference to the charge that one juror said during the deliberation that defendant had taken care of plaintiff's father and that he would have taken care of plaintiff if plaintiff had not sued him. These assignments are therefore overruled.

■■ The appellant charges that eleven of the jurors intimidated the twelfth juror by telling him that there was something wrong with a juror who would stand out alone against eleven others. There was evidence tending to show that some of the jurors told the twelfth juror that if they were in his position, holding out as he was against the other eleven jurors, they would search themselves carefully to see if they were right. Such method of persuasion was legitimate. It was also charged that this same juror was misled by being told by other jurors that his answers to the issues would not jeopardize plaintiff's suit and would not affect plaintiff's right to a new trial. There was some evidence tending to show that at some time during the deliberation said juror asked whether his answer would defeat plaintiff's right to appeal the case and was told that it would not. Some other jurors testified that he asked whether his answer would defeat plaintiff's right to a new trial or would jeopardize plaintiff's suit and was told that it would not. Some of the witnesses testified that the inquiry had reference to the jury's answer to the first issue as to whether the plaintiff had his toes

hooked around the legs of the chair at the time defendant contacted him. Others testified that the inquiry had reference to the juror's answer to issue No. 8, as to the amount of money necessary to compensate plaintiff for his injuries. Still others testified that the inquiry was made after all issues had been answered and just before the verdict was returned into court, and that it had reference to all of the answers. The action of the trial court in overruling the motion requires us to imply a finding on these controverted issues most favorable to the appellee. Judgment was entered in the lower court in favor of the defendant on the findings by the jury that the defendant was not negligent in contacting the plaintiff in the back in the manner shown by the evidence, and that he could not reasonably have expected the plaintiff to be injured thereby, and that plaintiff's injuries were the result of physical ailments existing prior to the act complained of and was the result of an unavoidable accident. These were the controlling issues. Therefore, the issue as to the amount of money necessary to compensate plaintiff for his injury, as well as the issue as to whether plaintiff had his feet hooked around the legs of the chair at the time defendant contacted him, were immaterial issues, and if the inquiry related to the effect of the juror's answers to these issues, he was correctly informed that his answers thereto would not affect the disposition of the case. The juror who made the inquiry did not testify on the motion for rehearing and there is nothing to show that the information given to him in answer thereto affected his answer to any of the material issues in the case. These assignments are therefore overruled.

■ The appellant complains because the court permitted appellee to introduce testimony tending to show that appellant often indulged in the practice of playing pranks and jokes on others and that he had a general reputation for doing so. Plaintiff alleged that the acts complained of were committed by the defendant willfully, wrongfully, and unlawfully. Defendant alleged that he and the plaintiff were friends of long standing and without objection had engaged in innocent amusements by playing pranks on each other for a number of years, and that by reason thereof plaintiff had invited such conduct on the part of the defendant. The evidence complained of had a tendency to establish plain-

tiff's contentions in this respect. Moreover, the record shows that similar evidence by other witnesses was admitted without objection and as a consequence the error, if any, was thereby waived. 3 Tex. Jur. 1258; Slayden v. Palmo, 108 Tex. 413, 194 S.W. 1103, par. 3.

The appellant charges that the evidence was insufficient in many respects to support the verdict of the jury. We have carefully considered the record and have reached the conclusion that there was ample evidence to support the verdict. We have carefully considered the numerous other assignments and find them without merit.

The judgment of the trial court is affirmed.