628

**ARCOLA SUGAR MILLS CO. et al. v. HOUSTON LIGHTING & POWER CO.**

No. 11194.

Court of Civil Appeals of Texas. Galveston.

June 12, 1941.

Rehearing Denied July 17, 1941.

See, also, 146 S.W.2d 199.

Walter F. Brown and C. I. McFarlane, both of Houston, for appellants.

Tom M. Davis, of Houston (Baker, Botts, Andrews & Wharton, of Houston, of counsel), for appellee.

GRAVES, Justice.

These several general statements, deemed to be correct as such, have been taken from the respective briefs of the parties in this court:

(1) That of the appellants:

"The Houston Lighting & Power Company brought this proceeding in the coun-

ty court of Fort Bend County against the Arcola Sugar Mills Company to condemn a right-of-way for an electric transmission and distributing line across a tract containing 8,534 acres, the property of the Arcola Sugar Mills Company, for a distance of 18,-567.3 feet, it being a part of a line extending from Blue Ridge to a pumping plant on the Brazos River just below the southwest corner of the land of the Arcola Sugar Mills Company. Commissioners were appointed and objections to their decision were duly filed with the County Judge.

"In the county court the case was tried before a jury and a judgment condemning the right-of-way sought to·be condemned and awarding the Arcola Sugar Mills Company and to Lillian Scanlan and Stella Scanlan, individually and as liquidating trustees of Arcola Sugar Mills Company, they being the owners of all of the stock in the Arcola Sugar Mills Company, which at the time of the judgment was dissolved and in liquidation, jointly, $4,878.00, with 6% interest thereon from December 19, 1934, was rendered on the last day of the term of court, from which judgment all parties have perfected an appeal to this court."

(2) That of the appellee:

"Both appellants and appellee excepted to the judgment and gave notice of appeal. Within the time and manner required by law appellee perfected its appeal by filing its appeal bond.

"While appellee will present certain cross-assignments of error in this brief, it requests this court to consider and pass on said cross-assignments only in the event this court should be of the opinion that any of appellants' assignments of error present reversible error."

Appellants present 101 "assignments of error and points", while, in turn, appellee responds directly with 11 counter-propositions of law, and indirectly with 5 contingently urged cross-assignments of error.

The easement awarded appellee was for the construction by it of an electric transmission and distributing line, being 22 feet wide and 18,468.7 feet long, running from its Blue Ridge substation to a pumping plant on the Brazos River, comprising a conscription of 9.33 acres of land.

Of appellants' 101 assignments, Nos. 1 through 50, 61 through 73, and 93, as well as 100 and 101, all deal, by and large, with the question as to whether the appellee, at the time it so sought to do so, had properly complied with. the pertinent statutory requirements and, in consequence, had the right to condemn such property for the purposes for which it sought in the proceedings here under review to condemn the same; the appellants contended that it did not have such right, that the laws of the State did not authorize the condemnation of that land for the appellee's declared-upon purposes over their protests, that the use for which the appellee sought to condemn it was not a public but a private use, that its ipse dixit in its pleadings for such a right—that the land was to be used for public purposes—had been made arbitrarily with knowledge on its part that such allegation was not true in fact, and that its specifications to the effect that it required the full easement applied for for a public use, were, further, not only so arbitrary and without foundation of fact, but also were made for the purpose of impressing upon such land an easement that is far more burdensome than is either necessary or appropriate for its actual needs.

In greatly extended discussion of these presentments, all of which the trial court considered and overruled, the appellants, in this court, in inveighing against that adverse determination below, inclusive of their challenge of that court's action in having held that the appellee had matured its right of condemnation, and that the only fact issues raised under the pleadings and proof for the jury were those as to the value of the land sought to be condemned, along with the amount of resulting damage to appellants' remaining lands, which were submitted in 4 special issues to the jury, cite as supporting their positions, among many others, these authorities: Dallas Cotton Mills v. Industrial Co., Tex.Com.App., 296 S.W. 503; Id., Tex.Civ.App., 252 S.W. 821; Borden v. Trespalacios Rice & Irr. Co., 98 Tex. 494, 86 S.W. 11, 107 Am.St. Rep. 640; 20 Tex.Jur. 546; Moseley v. Bradford, Tex.Civ.App., 190 S.W. 824, 825; Acme Cement' Plaster Co. v. American Cement Plaster Co., Tex.Civ.App., 167 S.W. 183; Houston Belt T. R. Co. v. Hornberger, Tex.Civ.App., 143 S.W. 272; Gaylord v. Sanitary Dist., 204 Ill. 576, 68 N.E. 522, 63 L.R.A. 582, 98 Am.St.Rep. 295; Tracy v. Elizabethtown, L. & B. S. R. Co., 80 Ky. 259; Shake v. Frazier, 94 Ky. 143, 21 S. W. 583; Brown v. Gerald, 100 Me. 351, 61 A. 785, 70 L.R.A. 472, 109 Am.St.Rep. 526; Berrien Springs Water Power Co. v. Berrien

Circuit Judge, 133 Mich. 48, 94 N.W. 379, 103 Am.St.Rep. 438; Massie v. City of Floydada, Tex.Civ.App., 112 S.W.2d 243; Houston North Shore Ry. Co. v. Tyrrell, 128 Tex. 248, 98 S.W.2d 786, 108 A.L.R. 1508; Missouri-Kansas-Texas R. Co. v. Jones, Tex. Com.App., 24 S.W.2d 366; Tod v. Massey, Tex.Civ.App., 30 S.W.2d 532; West v. Whitehead, Tex.Civ.App., 238 S.W. 976; Borden v. Trespalacios Rite & Irr. Co., 98 Tex. 494, 86 S.W. 11, 15, 107 Am.St.Rep. 640; 16 Tex.Jur. 807; Gulf, C. & S. F. R. Co. v. Ross, 4 Willson Civ.Cas.Ct.App. § 87, 16 S.W. 536; Ft. Worth & R. G. R. Co. v. Culver, 4 Willson Civ.Cas.Ct.App. § 5, 14 S.W. 1013; Ft. Worth & D. N. R. Co. v. Johnson, Tex.Com.App., 84 S.W.2d 232; 16 Tex.Jur. 577; Leathers v. Craig, Tex.Civ. App., 228 S.W. 995; Dallas Cotton Mills v. Industrial Co., Tex.Com.App., 296 S.W. 503; Tod v. Massey, Tex.Civ.App., 30 S.W. 2d 532, 534; Ferguson v. Illinois Cent. R. Co., 202 Iowa 508, 210 N.W. 604, 54 A.L. R. 1; Malone v. City of Madisonville, Tex. Civ.App., 24 S.W.2d 483, 543; Mann v. Trinity Farm Co., Tex.Civ.App., 270 S.W. 923; Ryan v. State, Tex.Civ.App., 21 S.W. 2d 597; Tempel v. Dodge, 89 Tex. 68, 32 S. W. 514, 33 S.W. 222; Isaac v. City of Houston, Tex.Civ.App., 60 S.W.2d 543; Suburban Inv. Co. v. Atlanta, 148 Ga. 593, 97 S.E. 542; Bridwell v. Gate City Ter. Co., 127 Ga. 520, 56 S.E. 624, 10 L.R.A.,N.S., 909; Schaadt v. Ironton R. Co., 22 Pa.Co.Ct.R. 101; 10 T.J. 954, 955; Dallas Joint Stock Land Bank v. Cavitt, Tex.Civ.App., 93 S. W.2d 207, 211; 17 Tex.Jur., 483 and 526; Houston B. & T. R. Co. v. Wilson, Tex. Civ.App., 176 S.W. 907; City of Ft. Worth v. Charbonneau, Tex.Civ.App., 166 S.W. 387; Wolsch v. State, Tex.Civ.App., 77 S. W.2d 1062; State v. Carpenter, Tex.Com. App., 89 S.W.2d 194; Wise v. Abilene, Tex. Civ.App., 261 S.W. 549; Johnston v. Galveston County, Tex.Civ.App., 85 S.W. 511.

Under others of their stated assignments, they present subsidiary contentions, in the main, to the effect that the appellee had made no statutory preliminary attempt to agree with the appellants as to the amount of the damages the latter might suffer from such condemnation, that appellee's Board of Directors had not been shown to have determined that a public or any other kind of necessity had existed for it to condemn such land, that the appellee's trial amendment to its pleadings specifying that only appellants had the right to fence such right-of-way across their land had the ef-fect of invalidating the whole condemnation proceedings, that the testimony of the witnesses, Delhomme, Chandler, Lindenberg, and Wood, admitted as bearing upon the issues as to damages so submitted to the jury, was erroneously received, and that the damage issues as so submitted were improper and subject to their specified objections against them.

In reply, the appellee's 11 counter-propositions, together with its respective leading authorities on each, may be thus, in substance, epitomized:

(1) "The undisputed evidence disclosed as a matter of law that appellee has the power of condemnation, and that the easements here sought to be condemned were for a public use, that is, the distribution of electrical energy and power to consumers in Fort Bend County, Texas, and elsewhere." Art. 1302, R.C.S.T., Vernon's Ann.Civ.St. art. 1302; Art. 1435, R.C.S.T.; Arts. 1436 and 1438, R.C.S.T.; 18 Am.Jur., 675–677, 694–696, 667–669, 673, 674, 733–736; 44 A.L. R. 741; North Carolina, etc., v. Southern Power Co., 4 Cir., 282 F. 837, 33 A.L.R. 626; Borden v. Trespalacios, Rice & Irr. Co., 98 Tex. 494, 86 S.W. 11, 107 Am.St.Rep. 640; West v. Whitehead, Tex.Civ.App., 238 S.W. 976; Texas and N. O. R. Co. v. Schoenfeld, Tex.Sup., 146 S.W.2d 724; Alton R. Co. v. Illinois Commerce Commission, 305 U.S. 548, 59 S.Ct. 340, 83 L.Ed. 344; 16 Tex.Jur. 652; Lewis "Eminent Domain", 3d Ed., Vol. 2, pp. 1062, 1063, 1068; National Ass'n v. Arroyo, etc., Tex.Civ. App., 110 S.W.2d 150; Palmer v. Harris County, 29 Tex.Civ.App. 340, 69 S.W. 229; McInnis v. Brown County, Water Imp. Dist. No. 1, Tex.Civ.App., 41 S.W.2d 741; Cane Belt R. Co. v. Hughes, 31 Tex.Civ. App. 565, 72 S.W. 1020.

(2) "The undisputed evidence proved as a matter of law that appellee, having the right of condemnation and exercising it for a public use, was entitled to acquire the easements which it sought to condemn, and there was no evidence, either admitted or offered and rejected, which was sufficient to raise a fact issue, concerning the necessity for the easements or the route selected for the same."

(3) "The undisputed evidence shows that appellee, prior to filing condemnation proceedings, made an effort to agree on the amount of damages; but even if that was not proven as a matter of law, nevertheless it does appear conclusively from the entire record that an effort to agree would have

been futile, and under such circumstances no attempt need be made.

(4) "As the undisputed proof disclosed that all statutory requirements were complied with, there was no issue to submit to the jury in this regard, and it is immaterial that proof of the jurisdictional facts was made before the court and out of the presence of the jury, particularly in view of the fact that none of the proof relative to the jurisdictional facts was pertinent to the question of damages." Lewis "Eminent Domain", 3d Ed., Vol. 2, pp. 896, 1146; Texas & N. O. R. Co. v. City of Beaumont, Tex.Civ.App., 285 S.W. 944; Lone Star Gas Co. v. Birdwell, Tex.Civ.App., 74 S.W.2d 294; Fort Worth, etc., v. Hodge, Tex.Civ.App., 96 S.W.2d 1113; Rabb v. La Feria Mut. Canal Co., 62 Tex.Civ.App. 24, 130 S.W. 916; Houston North Shore R. Co. v. Tyrrell, 128 Tex. 248, 98 S.W.2d 786, 108 A.L.R. 1508; City of Dallas v. Crawford, Tex.Civ.App., 222 S.W. 305; 16 Tex.Jur. 732, 733; State ex rel. Skamania Boom Co. v. Superior Court, 47 Wash. 166, 91 P. 637; Crystal City & U. R. Co. v. Boothe, Tex.Civ.App., 126 S.W. 700; Metropolitan St. R. Co. v. Walsh, 197 Mo. 392, 94 S.W. 860.

(5) "Appellants' assignment of error No. 99 is not well taken because:

"(a) These proceedings were instituted under the instructions of H. O. Clarke, who was appellee's Executive Vice President and Assistant General Manager, and as such has authority to act for appellee in this regard;

"(b) In addition to the general authority of Mr. Clarke, inherent in his position, the record affirmatively shows that he had exercised such authority on behalf of appellee for a number of years prior to December, 1934, and that exercise of authority was affirmed and ratified by the Board of Directors; and ·

"(c) Appellants had waived the right to raise this question, because it was not included in their objections to the commissioners' award, which objections set out with particularity the various contentions raised." San Antonio, etc., v. Taylor, 129 Tex. 335, 105 S.W.2d 650; Thompson "On Corporations", 3d Ed., Vol. 3, pp. 210–212; Wichita Falls Electric Co. v. Huey, Tex.Civ.App., 246 S.W. 692; Sealy Oil Mill & Mfg. Co. v. Bishop Mfg. Co., Tex.Com.App., 235 S.W. 850; In re New York Cent. & H. R. R. Co., 33 Hun, N.Y., 274; Vann v. Cameron County, Tex.Civ.App., 124 S.W. 2d 167.

(6) "The trial amendment filed by appellee specifying that only appellants had the right to fence the right of way did not invalidate the proceedings, because;

"(a) As a matter of law only the appellants had the right to fence the right of way and the only effect of the trial amendment was to prevent the appellants from causing the jury to believe that appellee had the right to, and might, fence the right of way;

"(b) As a matter of law appellants had the right to make every use of the land covered by the easement which did not unreasonably interfere with appellee's use of the property for the purposes for which it was condemned, and building fences across the easement, so long as appellee was permitted to provide gates therein, could not constitute an unreasonable interference; and

"(c) The condemning party has the right on appeal to amend and take a lesser interest or estate than was first sought. Alabama Power Co. v. Sides [212 Ala. 687], 103 So. 859; 16 Tex.Jur., 688; Kelsay v. Lone Star Gas Co. [Tex.Civ.App.] 296 S. W. 954; Texas-Louisiana Power Co. v. Webster [Tex.Civ.App.] 59 S.W.2d 902, affirmed [Tex.Sup.] 91 S.W.2d 302; 15 Tex.Jur., 799, 802; Annotation 46 A.L.R. 1463; Houston & T. C. R. Co. v. Postal Tel. [Cable] Co. [18 Tex.Civ.App. 502], 45 S.W. 179; Texas & N. O. [R. Co.] v. Postal Tel. [Cable Co.] [Tex.Civ.App.] 52 S.W. 108.

(7) "The court did not err in permitting the witnesses, Delhomme and Penn, to testify about the design, construction, and operation of the line that is actually on the condemned easement, because in assessing damages and special benefits the jury is entitled to consider the use being made of the easement."

(8) "The court did not err in permitting the witnesses, Linnenberg and Wood, to consider the presence of the 6,900 volt line on a part of the easement and the possibility of extending it over the balance, because;

"(a) The property was condemned for the construction of both transmission and distributing lines;

"(b) In assessing damages and special benefits, the jury is entitled to take into

account the actual and potential uses of the property by the condemnor; and

"(c) The objection went to the weight and not to the admissibility of the evidence." Gulf Coast Irr. Co. v. Gary, 118 Tex. 469, 14 S.W.2d 266 [17 S.W.2d 774]; Lewis "Eminent Domain," 3d Ed., Vol. 2, p. 1196; St. Louis, etc., v. Fowler [142 Mo. 670], 44 S.W. 771; Lehigh Valley Coal Co. v. Chicago [C.C.] 26 F. 415; 20 C.J., 825.

(9) "Since appellee did not take all rights incident to the property covered by the easements condemned, and all rights not taken by appellee were retained by appellants, the trial court did not err in submitting special issue No. 2 to the jury and in deducting the amount found in answer thereto from the amount found in answer to special issue No. 1." Gulf Coast Irr. Co. v. Gary, supra; Article 3265, Revised Civil Statutes.

(10) "The special issues and definitions submitted to the jury are not subject to the objections urged against them in appellants' assignments of error Nos. 86 through 88, 97 and 98." Art. 3265, R.C.S. T.; State v. Carpenter, Tex.Com.App., 89 S.W.2d 194.

(11) "The action of the court in permitting the witness, Chandler, to give the testimony complained of in appellants' assignments of error Nos. 51 through 60 was not reversible error for the following reasons:

"(a) The error, if any error was committed, was invited by appellants, in that their own witnesses relied on the sales involved, referred to them, and in at least one instance stated the price per acre at which land sold;

"(b) The evidence was merely cumulative of a vast amount of testimony, admitted without objection, showing sales of land in the vicinity of appellants' land, and other similar property, for amounts less than $50.00 per acre; and

"(c) Appellants waived their objections to Chandler's testimony by having the witness, on cross-examination, over appellee's objections, and without identifying the exact locations of the land or describing the improvements thereon, testify from the deed records of Fort Bend County concerning deeds to numerous other pieces of property, principally in Pecan Acres Subdivision, many miles from appellants' property, and state the acreage in each deed and

compute the consideration as near as he could from the documentary stamps attached to each deed as shown by the record thereof. Lewis "Eminent Domain", 3d Ed., Vol. 2, pp. 1139, 1140; Slayden v. Palmo, 108 Tex. 413, 194 S.W. 1103; Hough v. Grapotte [Tex.Com.App.] 90 S.W.2d 1090; Gifford-Hill [& Co.] v. Henderson [Tex.Civ.App.] 81 S.W.2d 274; Carothers v. Cameron [Tex.Civ.App.] 93 S.W.2d 455; Traders & General Ins. Co. v. Rhodabarger, Tex.Civ.App., 93 S.W.2d 1180; Thomas v. Murphy [Tex.Civ.App.] 91 S.W.2d 810; Wigmore "On Evidence", 3d Ed., Vol. 1, pp. 344, 345; McCormick & Ray, "Texas Law of Evidence" p. 23; Krider v. Hempftling [Tex.Civ.App.] 137 S.W.2d 83; St. Louis [I. M. & S.] Ry. [Co.] v. Flinn [88 Ark. 484], 115 S.W. 142; Adams v. Ristine [138 Va. 273], 122 S.E. 126 [31 A.L. R. 1413].

After consideration of the very helpful briefs and oral arguments submitted by both sides, as well as the bulky record, this court is constrained to hold that the appeal cannot prevail, and that the judgment of the able trial court should be affirmed; under that conclusion, the appellee's cross-assignments are not reached for consideration.

■ It would be a physical impossibility for this court to undertake a discussion of the well-nigh innumerable details to which the briefs carry the controversy; moreover, as it views the controlling features, such an attempt would be profitless anyway, since it agrees with the reaches of the theory of law upon which the trial court tried and submitted the cause to the jury; in other words, it is held that all essential jurisdictional facts as a predicate for that court's action were sufficiently proved, that as a matter of law it appeared upon the face of the pleadings and the undisputed evidence that the easement awarded had both been sought and was at the time of the trial in use for a public purpose, that the evidence failed to raise material issues of fact over whether or not there had ever been a necessity for appropriating such easement, or abuse of its good faith or discretion upon the appellee's part in selecting the one sought, or that appellants, by the condemnation and appropriation pursuant thereto, were either deprived of due process of law in that respect, or of any other right vested in them.

■ The authorities followed in Texas— so cited and relied upon by the appellee,

as respectively enumerated supra—uphold its several propositions. Our specified statutes, Article 1302, Sec. 14, Articles 1435, 1436, and 1438, construed together, as they should be, as applicable here, amount to a legislative declaration that appellee's business is to be regarded as being affected with a public use, in consequence of which it is delegated that small portion of the public authority denominated "the power of eminent domain"; so that, the resulting question, if any, is whether the legislature might reasonably have considered that use a public one, not whether the use itself is actually a public one. 18 Am.Jur. 675, supra.

Correlative burdens are, in turn, imposed upon such a corporation, as is expressly specified in our Article 1438, supra, which very plainly requires equality in service to all persons similarly situated and in like circumstances. That principle was further applied in the cited Borden and West cases, and, since it is so well settled and has been so frequently applied in our jurisprudence, as the other citations given make manifest, it would be mere repetition to go further into it.

Our Article 1436, supra, also emphasizes that public policy in Texas, in that, as will be noted from its terms, it places no express restrictions upon the power of a corporation, like this appellee, to condemn land for the prosecution of the business it has been chartered to carry on; in other words, the legislature has therein delegated to such a corporation the right to fix the location—as well as the quantity —of the property it in good faith determines to be needed for the construction, maintenance, and servicing of its lines. See Palmer v. Harris County, 29 Tex.Civ. App. 340, 69 S.W. 229, supra; West v. Whitehead, Tex.Civ.App., 238 S.W. 976, supra; McInnis v. Brown County Water Imp. Dist. No. 1, Tex.Civ.App., 41 S.W.2d 741, supra; and Cane Belt R. Co. v. Hughes, 31 Tex.Civ.App. 565, 72 S.W. 1020.

Nor are any of the procedural rulings so assailed thought to have involved reversible error.

Wherefore, since these conclusions control the disposition of the appeal, without undertaking to further pass upon the attenuated details discussed in the briefs, appellants' assignments will be overruled, and the judgment affirmed.

Affirmed.

## On Motion for Rehearing.

Appellants, on rehearing, reiterate, in complaining of this court's former judgment adverse to them, the 101 assignments of error upon which they then predicated their appeal, and now add thereto some 23 more complaints, making a total of 124. They further, very courteously, invoke R. S., Articles 1873 and 1875, as entitling them thereto, and request of this court that it file detailed findings of fact upon each and all of such total number of assignments, contending that they are entitled to have this court also state the evidence itself upon which it bases such requested findings and conclusions of fact, because, it is alleged, that will be "necessary in order to determine upon the correctness of each ruling of this court", which they so challenge.

The motion has been carefully considered, but is overruled, upon the conclusion that the original opinion properly applied the law to the facts as they appeared from the court's independent findings and from the verdict of the jury as to the damages the appellants had suffered from the condemnation—both in the land taken and in that remaining to them after such appropriation by the appellee. Those findings of both court and jury are not only found by this court to have been fully supported by the evidence, but it is further determined that they, in turn, likewise support the judgment rendered thereon. Wherefore, under the former holding that no other fact issues were shown to have been raised by the evidence, it is apparent that appellants have not shown themselves to have been legally aggrieved.

As was before made plain, the view taken both below and on appeal was that the controlling questions appellants raised in these multiplied assignments—other than those so submitted to the jury as to their consequent damages from the condemnation—had been settled by the law of the State against them, under the conclusive showing, as found by the trial court itself on sufficient evidence, that the appellee had both properly possessed the right of eminent domain and had validly exercised it in condemning the 9.33 acres of appellants' land here involved. The court is unconvinced, after a reconsideration, that such holding was erroneous. The appellants misconstrue Articles 1873 and 1875, supra. This cause, being an ordinary condemnation suit, appeals in which "are governed by the same law governing appeals in other

634

cases"—R.S. Article 3268, Par. 3—was appealed from the County Court; it was affirmed here, and, while a painstaking opinion was written in response to appellants' earnest and extended contentions, that was not in such a case required of this court by those statutes; nor, on this rehearing, are the additionally prayed-for conclusions of fact and law required. It has been repeatedly held that, in such circumstances, those invoked statutes do not apply; Tucker v. Higdon, Tex.Civ.App., 115 S.W.2d 973; Page v. Hart, Tex.Civ.App., 124 S.W. 2d 399; Bankers Protective Life Ins Co., v. Mozingo, Tex.Civ.App., 127 S.W.2d 525; Associated Indemnity Corp. v. Gatling, Tex. Civ.App., 75 S.W.2d 294; Tucker & Co. v. Freiberg & Kahn, 46 Tex.Civ.App. 160, 101 S.W. 837, 838; Fink v. San Augustine Grocery Co., Tex.Civ.App., 167 S.W. 35, error dismissed; Delaune v. Beaumont Irr. Co., 38 Tex.Civ.App. 225, 85 S.W. 438, error dismissed; Wright. v. Hooker, 55 Tex. Civ.App. 47, 118 S.W. 765; Roberts v. Arlington Realty Co., Tex.Civ.App., 128 S. W. 159; Lutcher v. Stoddard, Tex.Civ.App., 56 S.W. 608; Cooper v. Newsom, Tex.Civ. App., 224 S.W. 568, error dismissed.

The motion will be refused.

Refused.